Huitín, Judge.
 

 Descended lands must pay all debts for which the real estate is liable, in exoneration of all hut residuary legacies, or of other lands specifically devised for the payment of debts. And if the creditors go upon the personalty, the legatees may have an indemnity out of the realty. This is an old rule of the court of chancery, (CL
 
 Ca.
 
 2
 
 pi.
 
 4.) It is founded on this: that a .man who is able to pay all his debts, and has some-
 
 *176
 
 tiling over to give away, may give it as he chooses. He cannot indeed restrain the creditor from resorting to any fund made liable to him by law. But if the credi-†01. through mere caprice or convenience, go upon that fund which the testator meant for a particular donee," in®tead of that other left open alike by the law, and the testator for his satisfaction, the donee shall be re-irn-Cursed outof the latter. And as to debts due by specialty in which the heir is bound, this principle has been' extended to the protection of pecuniary legatees — much more specific legatees.
 
 (Hanby
 
 v.
 
 Roberts, Amb. 127. Galton
 
 v.
 
 Hancock,
 
 2
 
 Atk.
 
 430.
 
 Aldrich
 
 v.
 
 Cooper,
 
 8
 
 Ves.
 
 396.) If therefore the heir be made to pay such a debt, 'ie may reinstate himself out of the executor, if there be a residue; because both at law anil in this court, that js Hable before land ; but if there be no residue, but only things given away in legacies, be cannot, but must rest under the burden.
 
 E converso,
 
 if such legacies be ap-pj¡e(j †0 the discharge of such a debt, the legatee shall
 
 1
 
 ° ° be reinstated by standing in the place of the satisfied creditor.
 
 (Hanby
 
 v.
 
 Roberts.) It
 
 follows, that in no case in England, can the legatee be reimbursed out of land- ^01' a simple contract debt, paid out of his legacy ; for the heir was not liable for that to the creditor’ to whose rights and remedies only is tlie legatee substituted. It is the same here; because simple contract creditors can have recourse to the land only after exhausting the personalty, and therefore the legatee cannot ask the land to replace that personalty — which would be an absurdity, as was held in
 
 Miller
 
 v.
 
 Johnson.
 
 (3
 
 Murph.
 
 194.)
 

 The devisor the'^ci'edJtoi-'1111 from subjecting tate Tut wli ere the latter has a both tíie person° al and real as-hausts^ie former, a legatee ted t^the'rights of the creditor against the hen.
 

 debt of the ancestor, he may indemnify himself out of the personal °f ío-perty.
 

 But the legatee cannot be in-tli^real^estatef unless the debt
 
 cybe^chafgé
 
 upontheheir.
 

 And a sub-.setiption to the stock, oi the Isü.-vigation company being" a sim-debt, the legatee on payment of to indemnity fate1 r6al6S"
 

 This is a debt by- simple contract, as the subscription (}oos not purport to have been made by deed, and the 1 1
 
 *
 
 charter does not make the heir liable. Merely as a debt ¿hen, it would not entitle the plaintiff to relief.
 

 But the charter expressly makes the stock, as well as yie persop of the subscriber, liable for a balance due on it. It is a legislative mortgage, which creates a specific ^011’
 
 ^iev‘ c‘
 
 s" E 8r)
 

 In that case, the heir or devisee of the land has the same right to ask exoneration out of the general residue
 
 *177
 
 of the personalty, as lie bad in the case of the specialty, unless the ancestor or devisor was a purchaser of the estate, while under the incumbrance ; for residuary legatees arc
 
 ex vi termini
 
 only entitled to the surplus after payment of debts. But in like manner also as before, specific and even pecuniary legatees arc protected, or rather arc to be indemnified.
 
 Oneal v. Mead
 
 (1 P.
 
 Wms.
 
 693) is an instance of this, where the legacy was specific, and the mortgaged freehold devised. -The devisee took it
 
 cum on ere. Rider
 
 v.
 
 Wager
 
 (2
 
 P. Wms.
 
 335) and
 
 Tipping
 
 v.
 
 Tipping
 
 (1
 
 Id.
 
 370) carry the rule to pecuniary legacies. In the former there were both specific and pecuniary legacies
 
 ;
 
 and it was held, that neither should be defeated, but the devised land must pay the debt, with which it was specifically charged. Much more is this the case, where the land descends ; for such lands are liable before estates devised, which are always specific. (Ch.
 
 Ca.
 
 2
 
 pl.
 
 4.)
 

 But the subscription creating' a specific lien, and being the ancestor’s debt, the heir has a right to an indemnity from the residue, and a specific legatee from the real estate.
 

 Where land is devised to be sold for the payment of debts, and the surplus given away as cash, it is primarily liable, even belwen the heir and the residuary legatee.
 

 But where • land is charged with the debts, it is taken as only auxiliary to the personal estate, unless the contrary clearly appears to have been (lie intention of the tes'
 

 The general maxim, however, that the"personalty is, as it is sometimes called, the primary, and at others the natural fund for the payment of debts, has been much pressed ; and many cases cited.in support of it. Not one of them is denied ; but they are misapplied. They relate to the case of land devised,
 
 charged in the iDill
 
 with the payment of debts. If indeed lands be devised
 
 to be sold
 
 for the express purpose of paying debts (as is here directed about the Blue Wing and Nap of Steeds land) and the surplus given away as money, there can be no doubt they are first liable, even as between them and a residuary legatee, unless some express interest is given to another in the land fund. For the residue is not given there in its general sense, after payment of debts ; but it means the residue of the personal property after taking out such parts as are before given away. But where lands are merely
 
 charged,
 
 a question arises, are they to pay before or after the personalty ? And the general rule is, that unless the contrary clearly — formerly, expressly — appear, the personal estate is to be first exhausted, and the real is only auxiliary ; the charge being considered as an act of honesty in the testator, to
 
 *178
 
 have his debts of all sorts certainly and speedily paid j and not to change the fund in the first instance, to which resort is to be had. The law fixes the burden on the personalty, and that can only be altered by the testator. And the intention on his part to alter it is not inferred upon slight grounds. Charging the land is not sufficient. However anxiously it is done, that will not of itself, have the effect of exempting the personalty, says
 
 Lord Bosslyn,
 
 in the case cited of
 
 Taitt
 
 v.
 
 Northwick.
 
 And
 
 Lord Thurlow
 
 says, in
 
 Samwell
 
 v.
 
 Wake
 
 (1
 
 Bro. C.
 
 144) and at several other times, that the testator must not only charge the real estate, but must show his purpose that the personal
 
 should not
 
 be applied, before the latter will be exempted. Many minute criticisms on wills have been made, to ascertain the intention in this respect. The final result of the discussions lias been, tiiat unless the personalty, altho’ specifically bequeathed, be expressly or clearly exonerated by other parts of the will, a charge upon the lands will not have that effect. Tfie reason is, that after one fund becomes fixed with the debts or a particular debt, that fund can be relieved only by plain words postponing its liability, and substituting another fund in its place. A
 
 general
 
 charge will not
 
 do;
 
 because that
 
 may as well
 
 be considered the ■creation of an additional fund, in aid of that already liable, as the provision of a sole fund for the payment of debts. But it is entirely different, where the personalty is specifically bequeathed, and the lands
 
 descend.
 
 So essentially different are the cases, that I should not have felt bound to notice at large those cases of a charge, but for the purpose of exhibiting clearly their leading principle, which, in another point of view, has an important application to this case, adverse to the defendant.
 

 That principle is, that the order of liability once existing between two funds can be changed only by the intention of the testator; and to show such intent, express or plain words are indispensable, so as to make the intent manifest.
 

 Where lands descend, they, as well as the personalty, constitute a primai'y fund for the satisfaction of speci
 
 *179
 
 alty debts and specific liens. And the testator, by giving away the personalty by specific bequests, is held to show his intention, that the land shall boar its own burden, unassisted. Hence that may be caSf’fed the order, m which by law those funds, thus situated, are-to pay; That order will not be disturbed but upon a plain intent: as if the land be devised to the heir. He takes indeed as heir, because the better title. Yet as denoting the intent, he shall for this purpose be considered as a devisee; who always holds exempt from debts, until
 
 all
 
 the personalty is exhausted, unless the devise be for payment or debts, or there bo a
 
 charge
 
 in terms, which place the land in front of the personalty. No doubt, the whole is un-tier the -testator’s control j and he may even effectually declare,' that lands descended shall be eased by his gen'eral personal residue, or even his particular legacies. But it will be admitted by every one, after considering the before mentioned cases, and the principle on which they are founded, that to do that, the words must be in- ... deed strong.
 

 Real assets in the hands of the heir as well as personal estate are the primary funds for the payment of specialty creditors & specific creditors a specifically bequething the personal estate, the testator declares his intention that the land shall bear its own burden.
 

 of .the land ckre^h^lnten-tion to exempt it, and hence a devise to the heir prevents inl^yfctedin exoneration of ^®s®Pecifiole&a"
 

 . K isa <lues-tion oi intent 5 but to change tlie°rclerof lia-bility requires a clear expression to that effect.
 

 And wbere ^ testator devised futile payment of debts, and toTis^wif^'aml also gave her a small legacies to others, and directed his exe-cutors, in case of
 
 ^
 
 payment of debts, to sell
 
 *180
 
 Ws^wifiF might P0^ was direction charged the wife's legacy as between her and the other legatees, but did not exonerate de-tate.ded 16al £S"
 

 
 *179
 
 It is argued, that those in this will are sufficient, There is no residuary clause. That fund is therefore liable. The will gives to the wife the land on which the testator lived, a considerable number of slaves by name, his furniture, his stock and plantation utensils. There 1 ■is then a specific legacy to Ins niece
 
 Mary
 
 01 two slaves, and some other small specific legacies. The testator A ° then directs his debts to be paid as soon as possible, “ and for that purpose,” he says,
 
 “
 
 I authorize my executors to sell two tracts of land lying &c. and should not the proceeds of the land he sufficient to pay my debts, then that my executors sell other property, such as my wife shall direct, to complete the payment.” And he gives the surplus of the sales of the land, if any after payment of debts, to his wife. The argument is, that here is a direction to sell of the wife’s legacy to supply any defi-0 ^
 
 iij •)
 
 ciency of the lands. That it must be of that legacy, because she is to point out the property — otherwise, she might defeat the other legatees by takiiig theirs. The position is thus far correct. For upon the deficiency of
 
 *180
 
 tlie funds provided, the legacies to the wife and others would abate. That the testator did not mean : but as 7 between themselves, that tlie wife’s legacy should pay ([0¡jts. Ajul this is ail that he did mean. When it *s j,!'b that lie intended also that the wife should pay all the debts out of her legacy, in exoneration of lands descending
 
 cum onere,
 
 the argument fails. There is no reason for giving the words that sense — much less a rea- ° ° son Irom the expression of a clear, manifest intent. The words are satisfied without that. We see why the wife .
 
 J
 
 is directed to pay. in favor of the legatees ; because but was left to them ; because uncertain whether the sales of the land would not discharge all debts, and the surplus of them is given to her. It might as well be argued, that this special direction — upon the score of intent — relieves the general residue for the benefit of the next of kin, as the descended lands for the benefit of the heir. We are mot speaking now of the rule between those funds as established by law, but of the substitution by the testator of another fund in ease of both. As far as his words .go, they denote his purpose to exempt one as much as the other. But other reasons were in the testator’s mind ; partly in favor of the small legatees, to ease their legacies ; and partly in favor of the wife, to restrain tlie general power of the executors to sell any part, and give the selection to her. How then, following
 
 Lord Thurlvw,
 
 can we say, here is a declaration that the real estate descended (being the fund before
 
 fix
 
 ed)
 
 shall not
 
 be applied ? The words were used
 
 for
 
 a different purpose, and were satisfied without this. Consequently there must be an account, to ascertain whether the personal estate not given away and the proceeds of the land sold have been administered ; and the stock being real estate by the charters and descended, mus t be declared subject for any deficiency
 
 of
 
 those funds for the-payment of the balance due for the stock, or of debts by specialty in which the heir is bound.
 

 Per Curiam. — Declare that the balance due on thq original subscription is a specific lien on the stock; and that it is liable to refund to the plaintiffs that part of the
 
 *181
 
 subscription which they have paid, unless the undispo-sed of residue of the personal estate, and the proceeds of the two tracts of land devised for the payment of the testator’s debts, be found inadequate to pay for the said stock and all the other debts of the testator ; and direct a reference as to the sale of those lands, and an account of the undisposed of residue and of the administration ot the plaintiffs; and let the clerk, in taking said account, distinguish such debts as were due upon specialties where?, in the heir was. hound;