Ruffin. C. J.
 

 The plaintiffs are entitled to partition of the unsold land specifically, or that it should be sold by the executors or under the direction of the Court, for that purpose, as may be for the interest of the parties. There must also be the usual order for an enquiry, as to the debts and administration of the personal estate; and a further enquiry as to the land sold by the executors and its produce, and how the same has been disposed of or invested and the interest thereon or profits made since the death of Mrs. Little, the tenant for life. Those are orders so much of source, as to call for no observations in themselves. But the parties, entertaining different views respecting the duty or power of the executors to apply the proceeds of the real estate to the debts, have asked a declaration of the opinion of the Court on that point as a guide to the master.
 

 It is highly probable, that the rule of law requires a decision of the question made, that is opposed to the intention of the testator — not that expressed, but that entertained by him. From the amount of the debts, which now appear, it is natural to suppose the testator must have expected it would be necessary to sell a considerable portion of the estate, of son)® kind; and from the value of the slaves compared with the debts, the necessities of his wife and family, and the direction for the sale of any parts of his estate at the discretion of the executors, one conjectures with some confidence, that the testator would prefer, and probably thought he had provided, that the executors should or might sell land for the payment
 
 *411
 
 of his debts — especially as the only absolute immediate-gift'was to Mrs. Little, to whom the whole estate was given for life, and who was mother of all the children, and, as he supposed, would care equally for them. But one can only make conjectures upon those subjects, founded on what most men would be supposed to have intended under such circumstances, for there is nothing in the will to say, that the testator had such intention. He does not mention that ho owed a single dollar, much less direct the payment of debts out of any particular fund. Consequently the debts must be paid by the personal and real estates, in the order prescribed by law ; that is, by the persona] estate as the primary fund, and by the realty for the deficiency. It is true, the land is devised in mass, with the residue of the personalty. But that does not alter the rule of law. For, every devise is specific ; and the case is the same, as if the testator had, in one clause, devised all his land to his wife for life and then to his children, and in a subsequent clause bequeathed the ;residue of his personalty; in which case, the residue would be applicable to the debts in the first place, and then specific legacies, and, lastly, the land would make up the deficiency. It was stated in
 
 Robards
 
 v.
 
 Wortham, 2
 
 Dev. Eq. 103, as the result of the cases, that, even when the land is devised to the heir, he holds, as devisee, exempt from debts, until all the pei’sonalty is exhausted, un. less the devise be to sell for payment of debts or there be a charge of debts on the land, in such terms as to exonerate the personalty or a part of it and place the land in .front. There is nothing of that kind here
 
 ;
 
 and, therefore, though the executors might sell land, they could not apply the money to the debts, to the prejudice of the devisees. It might have made no difference to the parties,' if Mrs. Little had died intestate, as the personalty saved to her by the land would have gone to those who owned the land and in the same proportions. That, however, it
 
 *412
 
 is said, is changed by her will; and therefore the plain* tiffs claim their share of the land itself or its produce. If it be asked, why, if the produce of the land be not applicable to the debts, the testator should have authorised a sale at all, the answer is, that he may have thought it would be best for his family and especially for his wife, that land, which was unproductive of present income, or not, in the judgment of the executors, likely to rise in value, should be sold and the money invested so as to secure to the several devisees the same benefit they had in the land ; that is, the interest to accrue to the wife for life and the capital to go over upon her death to the children. For the effect of a devise to one for life, with re* mainder in fee, with power to the tenant for life, alone or with others, to sell, but without any disposition of the money, must be, that the money goes, in place of the land, to those who would have had the land itself and in the same proportions and extent of interest. Therefore,- it must be declared, that the land given in the will was not charged with the payment of any part of the testator’s debts in exoneration of his personal estate, and that the produce of the land sold by the executors was not applicable by them to the debts.
 

 Per Curiam.
 

 Declared accordingly.