Battle, J.
 

 The difficulties suggested in the construction of the will of the testator, arise, not so much from its terms, as from the effect upon it of his indebtedness, of the extent of which he appears to have been so lamentably ignorant. The pleadings show that, in addition to the funds set apart by the testator himself for the payment of his debts, there will have to be raised out of other property belonging to the estate, the sum of about twelve thousand dollars. The question is, out of what part of it, given as it is to different devisees and legatees, this large amount is to be raised.
 

 We suppose it is undeniable that the personal estate is to be first applied before any part of the realty can be taken for the payment of the debts.
 

 No authority need be shown for the well known principle, that unless it be otherwise ordered by the testator himself, the
 
 *176
 
 personal estate is the primary fund for the payment of debts, and we cannot find any such order in the present will. It is equally clear that general legacies must be applied before specific legacies are taken, unless otherwise directed by the testator. A question might, under other circumstances, be raised, whether the specific legacy of certain slaves to the defendant Willoughby McBride, were not charged with the debts prior to the general legacy of three hundred dollars to the plaintiff Mary Parr. The legacy to McBride is, “ after the payment of my (the testator’s), just debts,” and if the question were a practical one, it might be contended that the debts were all to be paid out of the hires or proceeds of these slaves before any other legacy, general
 
 or
 
 specific, could be touched. But as both these legacies will be exhausted, it is unnecessary to decide which must first be taken. We are clearly of opinion that both these legacies must be applied before any of the other specific legacies can be taken. The intention of the testator that McBride was not to have the negroes bequeathed to him until all the debts were paid, is too plain to admit of •his claim to stand on a footing of equality with the other specific legatees. Nor can we assent to the construction for which he contends, that the slaves given to him are to bo hired out for an indefinite period, until out of the hires the debts may be paid. The creditors are not bound to wait, and the other specific legatees ought not to be subjected to the risk of the death or depreciation in value of the said slaves. Besides, it is admitted that the proceeds of their sales even, will not be •sufficient for the payment of the debts, and no construction can be admissible which postpones to an indefinite period the ascertainment of the liability of the other legatees.
 

 The gift of the house, with the expense of removing the same to the Skillet-Handle farm, must be taken as a specific legacy to the devisee of that farm. By separating it from the land on which it stood, the testator made it a chattel, so as to pass as such to the legatee, though when placed on the land to which it is ordered to be removed, it will again become a part of the realty. As a specific legacy it must contribute
 
 j?ro rata
 
 
 *177
 
 with all the other legacies of that kind for the payment of the remainder of the debts. A decree may be drawn to provide for the settlement of the estate upon the principles here stated.
 

 Pise CueiaM, Decree accordingly. -