MaNly, J.
 

 Upon a consideration of the contents of the will of Jesse C. Bmight, we are of opinion in the first place, that the property acquired subsequently to the making of the will, falls .into the residuum spoken of in the ninth clause. According to the provisions of the statute of 1844 concerning wills, embodied in the Eev. Code, ch. 119, sec. 6, a will in reference to the i*eal and personal estate comprised in it, speaks and takes effect as if it had been immediately executed before the death of the testator, unless a contrary intention appear from the will. As nothing appeal's to rebut this legal construction, its effect, in the case before us, is to throw the after-acquired lands as well as personalty into the residuum.
 

 In the second place, we are of opinion that the
 
 personalty
 
 of the residuum is the fund primarily liable to the payment of debts; It is in all respects a true residuary fund not specifically bequeathed, but disposed of in general terms to a class of legatees.
 

 It appears from a summary statement of the executor, that the aggregate amount of unpaid demands against the estate, is $11,315.54.
 

 We take it for granted the residue of personalty will not be sufficient to satisfy this amount, and have considered the will
 
 *136
 
 with reference to the fund next liable, and conclude in the third place, that the legacies of personalty must abate. These legacies all appear to be specific, and they must, therefore, abate rateably.
 

 Since the statute of 1846, Rev. Code, ch. 46, sec. 44, the personalty in the hands of an executor or administrator, whether it be bequeathed specifically or otherwise, is first liable to the payment of debts, unless specifically exempted; and the real estate belonging to the deceased, no matter in what condition it is found, whether descended or devised, is not liable until the former is exhausted;
 
 Graham
 
 v.
 
 Little,
 
 5 Ired. Eq. 407.
 

 By operation of the wills act of 1846, the lands acquired by Jesse C. Knight subsequently to the making of his will, pass under the residuary clause. The distinction in this respect, between real and personal property, theretofore existing, is thus abolished; and both pass alike under a bequest of the residue. What would have been the effect of this without our act of 1844, prescribing the order in whicl^ real and personal property shall stand in their liability to pay debts, it is unnecessary to enquire. By that act, personalty is put in the front, and we accordingly hold that the specific legacies of personalty must abate.
 

 Per, Cubiak, Decree accordingly.