The opinion of the Court contains a full statement of the facts of the case.
From the judgment of his Honor at Chambers, affirming the judgment of Probate Judge, the defendant appealed.
This was a special proceeding before the Clerk, which came here by successive appeals upon the following state of facts: At Spring Term, 1870, the plaintiff obtained judgment against Ann Smith, who dying shortly thereafter, the defendant became her administrator. This proceeding is instituted by the plaintiff in behalf of himself and other creditors, for a settlement of the estate and the payment of his said judgment. The Clerk of the Superior Court took the account and found, as a fact, that the defendant had in hand assets sufficient to pay the judgment and the case settled, states that the estate is insolvent. Judgment was given by the Clerk, and on appeal, by the Judge, for the amount of the plaintiff's debt.
The exceptions of the defendant present two questions: 1st. Had the Clerk the jurisdiction? and 2d. Had the plaintiff, being the only judgment creditor, the right to priority of payment (501) over other creditors?
1. There can be no doubt about the jurisdiction, as it is expressly given to the Clerk by ch. 45, sec. 43, Bat. Rev.
2. The order of payment of the debts of the decedent is regulated by sec. 40, ch. 45, Bat, Rev., which declares that judgments docketed are in force, have priority to the extent to which they are a lien on the *Page 406 
property of the deceased at his death. The extent of the lien is the amount of the judgment, if the land is of greater value, but if the real estate is of less value, the extent of the lien is the value of the land only. Thus, if the value of the real estate is only five hundred dollars, and the personal assets fifteen hundred dollars, and the judgment is for one thousand dollars, the plaintiff would be entitled as a credit, upon his judgment, to five hundred dollars out of the real assets, that is, the value of the real estate, and for the residue of his judgment, he would come in pro rata with other creditors, as to the remaining personal assets.
If there is no real estate, a judgment would give the plaintiff no advantage over other creditors, as it constitutes a lien on real estate only. The law will give him a preference, therefore, not because he has obtained a judgment, but because that judgment is a lien on the real estate, and of course the value of the real estate is the measure of the advantage which his vigilance has secured.
The purpose of the act is to make an equal distribution of an insolvent's estate among his creditors, and this equitable policy can be departed from only to the extent and in the cases provided for in the statute.
We assume from the record and case sent up to this Court, that the assets here are the proceeds of the sale of real estate, the plaintiff is therefore entitled to judgment for his debt.
PER CURIAM. Judgment affirmed.
Stewart v. Doar, 205 N.C. 38.