K. MURCHISON, Guardian, *v.* JAMES H. and JUNIUS S. WIL-
LIAMS, Executors, and others.

A docketed judgment is a lien upon the lands of the debtor, although
it does not divest the estate out of the debtor, nor does it make the
land primarily liable for the debt, though the lien exists.

And where the debtor dies, the land descends to the heirs subject to the
lien; which lein, however, is subject to the right of the heirs to have
the debt paid by the personal property, if there is enough for that
purpose; if there is not enough to pay the debt, then the land may
be sold for assets by the administrator.

(*Jenkins, Adm'r.* v. *Carter,* 70 N. C. Rep. 500, cited and approved.)

CIVIL ACTION, application for relief, in nature of a *sci. fa.*,
heard by his Honor, *Judge Buxton,* at Spring Term, 1874, of
HARNETT Superior Court.

The facts as stated by the presiding Judge and transmitted
to this Court are:

" The plaintiff had recovered a judgment in Harnett Su-
perior Court against John C. Williams, the testator of the de-
fendants, the executors, in his lifetime, on the 9th August,
1869, which was duly docketed in the office of said Court on
the same day.    Execution issued 28th February, 1870, return-
able to Fall Term, 1870, and was returned, levied on several
tracts of land belonging to the defendant in the execution.
Date of levy, 10th March, 1870.    There was no sale.

" John C. Williams died in January, 1873, after making a
partial payment upon the judgment, and leaving a last will
and testament, which was duly proved, and the defendants,
James H. and Junius S. qualified as executors.    They, together
with the other defendants, are heirs-at-law.

" There is still a large balance due on the judgment, to en-
force the collection of which these proceedings are instituted;
the plaintiff seeking to enforce the lien on the lands, created
by docketing the judgment and execution levied in the lifetime
of the testator by means of an execution *fi. fa.* or *ven. ex.*, now

MURCHISON, Guardian *v.* J. H. and J. S. WILLIAMS, Executors, *et al.*

to be issued by leave of the Court, after notice to the defendants.

"This application the defendants resist on the ground that there are other debts besides that of the plaintiff, to pay which a sale of the land will be necessary, and that the executors have already filed a petition for that purpose, to make lands assets, in the Superior Court, before the Clerk, which proceedings are now pending, and which they insist is the proper course to be pursued under existing laws. The question of lien acquired by the plaintiff is submitted to the decision of the Court.

"His Honor was of opinion, after argument, and so decided, that the judgment of the plaintiff docketed in the lifetime of the testator, John C. Williams, and still in force as to the balance due thereon, created a lien upon the lands levied on, which was still subsisting and valid, being a debt against his estate, entitled to the priority secured by law to debts of the fifth class mentioned in Battle's Revisal, chap. 45, sec. 39, p. 403.

"His Honor was further of opinion, and so decided, that in view of the provisions of the law, contained in Bat. Rev., chap. 17, sec. 319, (corresponding section of the C. C. P.,) that this lien upon the lands of John C. Williams, affecting the heirs, should be administered and provided for by the executors in the mode which they were adopting, viz: by application to the Superior Court before the Clerk, for the purpose of making the lands assets. See Bat. Rev., chap. 45, sec. 61; and that it would be the duty of the executors to apply the proceeds of the sale of the lands when realized to the payment of the debts of the testator, having due regard to existing liens of the plaintiff and other *ante mortem* judgment creditors, of which there were several besides the plaintiff.

"His Honor was further of opinion, and so decided, that the present proceedings, so far as they affected the lands in the hands of the heirs, were premature, the three years after granting letters testamentary, referred to in Bat. Rev., chap. 17,

sec. 319, not having elapsed, and the executors consequently not yet guilty of laches, especially as they had commenced proceedings to subject the lands to the payment of the debts of their testator."

With which rulings of his Honor the plaintiff being dissatisfied, appealed.

*Busbee & Busbee*, for appellant.
*B. Fuller* and *Ray*, contra.

READE, J.   A docketed judgment is a lien upon the lands of the debtor, by statute, C. C. P , sec. 254.   How, if at all, it differs from the lien of a judgment before that statute, it is not necessary to discuss.   It certainly does not divest the estate out of the debtor, but it does constitute it a security so as to enable the creditor by proper process to subject it to the satisfaction of his debt.   But still we suppose that the land is not primarily liable, although the lien exists, for if the creditor sue out execution it must run against the personal property first.

And so if the debtor die, as in our case, the estate not being divested out of him, descends to his heirs, subject to the lien, it is true, but then that lien is subject to the right of the heirs to have the debt satisfied and the lien discharged by the personal property of the debtor in the hands of his representative, if there be a sufficiency for that purpose.   If there be not a sufficiency of personal property, then the land may be sold for assets by the administrator.

The result is, that when a debtor dies against whom there is a judgment docketed, his land descends to his heirs or vests in his devisees, and his personal property vests in his administrator or executor, just as if there were no judgment against him, and the whole estate is to be administered just as if there were no judgment ; that is to say, the personal property must be sold if necessary and all the personal assets collected, and out of these personal assets *all* the debts must be paid if there be enough to pay all, as well docketed judgments as others.   If

there is not enough to pay all, then they are to be paid in classes, docketed judgments being the fifth class, to the extent of their lien, which is the value of the land. Bat. Rev., chap, 45, sec. 40, class 5.

If there is not enough personal assets to pay all the debts, then the administrator or executor must sell the land. And if anything remains unpaid of a docketed judgment which was a lien upon the land, then if the personal assets have paid upon the judgment as much as the value of the land, and there still remains a balance due upon the judgment, it does not continue to be a lien upon the land, but takes its place with the other debts against the estate under the " *seventh class.*" Bat. Rev., chap. 45, sec. 4, class 7.

But if the amount paid on the docketed judgment out of the personal assets is less than the value of the land on which it is a lien—as if the judgment be $1,000 and the value of the land $500, and only $400 be paid out of the personal assets, leaving $600 balance due upon the judgment, then $100 only of the balance is still a lien upon the land and the other $500 of the balance is not a lien upon the land or the proceeds of its sale, but takes its place with the other debts in the " seventh class." In other words, the only advantage which a docketed judgment has over other debts is to the extent of the value of the land upon which it is a lien. In this way the creditor gets the advantage of his lien by having it satisfied out of the personal property as far as that is sufficient, and out of the land for the remainder. And the heirs or devisees secure their rights to have the personal property subjected as the primary fund for the payment of debts, and they can also secure equality of contribution as among themselves. And the administration of the whole estate is placed in the hands of the administrator or executor, as best it should be, instead of allowing a creditor to break in upon it with an execution and sale for cash at a probable sacrifice, when it may turn out that the personal assets would be sufficient without a sale of the land at all. The only inconvenience that can result to the creditor is the delay,

and that is in common with all the creditors, and is as little as it can be made consistent with the interests of all. conceered.

The primary liability of personal property for the satisfaction of executions in the debtor's lifetime and in payment of debts after his death, is not adverted to in *Jenkins, administrator,* v. *Carter,* 70 N. C. Rep., p. 500.

There is no error. This will be certified, &c.

PER CURIAM.                         Judgment affirmed.