C. F. BRUTON, Executor of Frederick McRae, v. LUCINDA McRAE, widow of Frederick McRae, and Guardian *ad litem* of Walter McRae, infant child, devisee and heir at law, and Others.

(Decided November 21, 1899.)

*Sale of Land for Assets—Homestead—Minor Child, Heir and Devisee.*

In a proceeding to sell land for assets, the executor can not sell the homestead interest of a minor child and devisee of the testator, *durante minoritate.*

SPECIAL PROCEEDING to sell land for assets, heard before *McIver, J.,* at Superior Court of MONTGOMERY County, Spring Term, 1898.   His Honor rendered judgment against the plaintiff, who excepted and appealed.

*Case on Appeal.*

This was an action begun before the Clerk by the plaintiff, executor, to subject the lands devised in the will to a sale for assets to pay debts, and resisted by the guardian *ad litem* upon the grounds that the infant defendant was entitled to a homestead in the lands, and was transferred to this Court for trial upon issues of law and facts.

Upon the hearing before his Honor, Judge McIver, the following facts were agreed to:

That the lands described in the petition were devised by the testator, Frederick McRae, in separate and distinct parcels, to the several defendants, 9 in number, in the manner set out in the petition.

That the will was properly probated, and the plaintiff duly qualified as executor, and that there was not sufficient personal assets to pay the debts.

That the defendant Walter McRae was a devisee in the will, taking thereunder a specific parcel of the lands described in the petition.   That he was also a son and heir-at-law of the testator, and a minor under the age of 21.

Upon the facts agreed to, his Honor, Judge McIver, gave the following judgment:

"This cause coming on to be heard before the undersigned Judge, upon the petition of plaintiff, before the Clerk of the Superior Court of Montgomery County, praying for an order to sell land, the land described in this petition, to make assets, and the same being transferred to this Court upon issues of law and facts, and it appearing to the Court that one of the

defendants, Walter McRae, is the son and heir-at-law of plaintiff's testator, Frederick McRae; also that said Walter McRae is a devisee in the last will and testament of said Frederick McRae, and is a minor under the age of 21 years, and entitled to a homestead in the lands described in said petition: Upon motion, it is considered and adjudged by the Court that the plaintiff is entitled to sell under the order of the Superior Court during the minority of the said Walter McRae only so much of the lands described in his petition as shall be in excess of the homestead exemptions of Walter McRae, of the value of $1,000, to be appraised and set apart by said plaintiff to said minor, as provided by law, before the sale of any lands described in said petition. That the costs of this action be paid by the plaintiff out of any funds in his hands belonging to the estate of his testator. That this cause be remanded to the Clerk of the Superior Court of Montgomery County for such further proceeding as shall become necessary herein, in accordance with the judgment of this Court.        JAMES D. McIVER,
Judge Superior Court.

To which judgment the plaintiff excepted and appealed, assigning as error:

1. That he finds as a matter of law that the infant defendant Walter McRae is entitled to homestead in lands devised by Frederick McRae.

2. That he finds as a matter of law that the infant defendant Walter McRae is entitled to homestead in the lands devised specially, and by fixed and specific boundaries, to the other defendants.

FRY & RUSH,
Attorneys for Appellant.

Plaintiff appellant not represented in this Court.
Messrs. Douglass & Simms, for appellee.

· MONTGOMERY, J.   Frederick McRae died in Montgomery
County leaving a last will and testament in which the plain-
tiff, C. F. Bruton, was named executor.   Upon qualification,
the executor found that the personal property was not suffi-
cient to pay the debts of the testator, and he filed a petition
to make real estate assets for the payment of the debts.   The
testator devised to the defendants specific parcels of the land
described in the petition.   Among the devisees was a son,
Walter, who is under 21 years of age.   Walter's mother, act-
ing as his next friend, filed an answer to the petition admit-
ting the facts set out therein, but averring that he was entitled
to a homestead to the value of $1,000 in the lands described
in the petition, generally, and without reference to the inter-
est specifically devised to him.   When the matter came on
for hearing upon the questions of law raised by the pleadings
before his Honor  Judge McIver, he held that the infant
defendant, Walter, the son of the testator, was entitled to a
homestead in the lands described in the petition, and it was
adjudged that the plaintiff should sell under the order of the
Superior Court, during the minority of the testator's son
Walter, only so much of the land described in the petition as
would be in excess of the homestead exemption of its value of
$1,000.   The correctness of this judgment is the only ques-
tion presented for our consideration.

   We are of the opinion that the conclusion of the Court
below was the correct one, and that the judgment was in con-
formity thereto.   This is the first time this question has
been brought to this Court, but we think its settlement is
without practical difficulty.   Sec. 3, Art. X, of the Consti-
tution, ordains that "the homestead, after the death of the ·
owner thereof, shall be exempt from the payment of any debt
during the minority of his children or any one of them."

   It is perfectly clear that the debt referred to in that section

125——14

and in that article of the Constitution means the debt of the owner of the homestead; in the case before us, of the testator. In the petition of the executor, the request to sell the land of the testator allges, of course, that the debts for the payment of which the property is prayed to be sold is declared to be the debt of the testator. It is not the debt of the infant son Walter, which is the foundation for the application to sell the real estate described in the petition. The executor, for the creditors in an adverse proceeding against the devisees, ignores the disposition of the land under the will, and proceeds as if the testator died intestate in that respect. The specific devises of the real estate under the will would control the rights of the devisees, but as to creditors, they do not control. The creditor's rights are paramount and, subject to our exemption laws, can be enforced notwithstanding a devise or will of the decedent. When the creditors took that course through the executor, the creditors can not complain if the homestead exemption is set up by the devisees or any one of them.

In the answer of the infant, Walter, he claimed also the personal property exemption of $500. That question was not passed upon by his Honor below, and no exception appearing in the record in reference to that matter, it is presumed that the claim set up for the personal property exemption was abandoned. In any event he was not entitled to it.
Affirmed.

CLARK, J., dissenting in part. The testator left only one minor child, and to him he devised no realty except the remainder in 10 acres after the life estate therein devised to the widow. It seems to me that a homestead can not be laid off to the minor in other people's property, and which they, not he, are to enjoy. The adults to whom all the realty

except the remainder in this 10 acres was devised, take it against the minor, and they have no right to a homestead against the testator's creditors.    The object of the homestead provision was not the postponement of creditors but the protection of the beneficiaries.

When the Constitution, Art. X, sec. 3, provides that "the homestead after the death of the owner thereof shall be exempt from the payment of any debt during the minority of his children or any one of them," it refers to cases where the homestead descends upon or is devised to such minors, and not to a case like the present in which it is devised to others and when the minor can derive no conceivable benefit from the exemption of the property.    This case differs from all former ones in that the homestead is devised away from the minor, as the homesteader had a right to do.

A reasonable construction is that exemption "during minority" is for the sole benefit of the minor.    To construe the language literally and give the adult devisees of the homestead protection from the creditors of the testator during the minority of a minor who can not enjoy a foot of the homestead, savors of the literalness which an ancient writer tells us sentenced to death a surgeon for reviving by the use of a lancet one stricken with sudden illness, because the statute punished with death any one who should draw blood in the streets.    If the Constitution had provided that the homestead should remain a homestead during the minority of anyone of the children, and good alike against adult heirs and devisees, then the contention of the defendant would be valid. The homestead exemption in favor of a minor can not be more extensive than the minor's interest in the homestead.

I concur that there is no continuation of the personal property exemption after the death of the debtor.