ORIE V. MOSELEY, MARIE MOSELEY GILLIAM AND HUSBAND, L. S. GILLIAM, J. WOOTEN MOSELEY, LAUNA MOSELEY FAULKNER AND HUSBAND, WILLIAM FAULKNER, HATTIE MOSELEY PERSON AND HUSBAND, DR. J. B. PERSON, AND L. O. MOSELEY AND WIFE, SALLIE P. MOSELEY, v. EUNICE LEE MOSELEY, ADMINISTRATRIX OF THE ESTATE OF DR. H. P. MOSELEY, DECEASED, AND EUNICE LEE MOSELEY, INDIVIDUALLY, AND FANNIE D. MOSELEY.

(Filed 6 October, 1926.)

**Descent and Distribution — Mortgages — Purchase Price — Personalty—Statutes.**

Where a person dies intestate leaving an estate of lands upon which there were mortgages to secure the purchase price, and also personal property, the personalty should first be sold to satisfy the debts of the decedent before encroaching upon the real property descendible to the heirs, under the provisions of our statute, C. S., 74.

APPEAL by defendants from *Devin, J.,* at May Term, 1926, of PITT. Affirmed.

Material facts will be stated in the opinion.

*Dawson & Jones for plaintiffs.*
*J. H. Paylor, F. E. Wallace, J. O. Carr for defendants.*

CLARKSON, J.   On 20 August, 1925, Dr. H. P. Moseley died without leaving any last will or testament. He had no children, but left surviving him at the time of his death a widow and the above named plaintiffs and defendants heirs at law and next of kin.

Eunice Lee Moseley, widow, duly qualified and is acting as administratrix of the estate. At the time of his death, Dr. Moseley was seized in fee and was in possession of seven tracts of land. All of the lands owned by Dr. Moseley at the time of his death were purchased by him, with the exception of one tract which he inherited from his father, W. O. Moseley.

At the time of Dr. Moseley's death there were and are now outstanding notes, secured by mortgages and deeds in trust, on his real estate executed by him, aggregating $19,952.74, of which sum $9,962.74 is for purchase price of land.

In addition to these obligations, secured by real estate, the deceased owed various amounts approximating $24,000.00 unsecured. The personal assets of the estate, collected and uncollected are estimated to be of the value of $57,350.00. The heirs of the deceased, his brothers and sisters, contend that the personal property in the hands of the administratrix should go to the discharge of the indebtedness of the deceased including the indebtedness for purchase price of land, thereby relieving the land of these encumbrances so that the heirs will take it free and discharged of all encumbrances; and the widow contends that the heirs only inherited under the statute of descent, the interest which the deceased had in said property which was an equity of redemption only.

The court adjudged as follows: "It is now, therefore, ordered, adjudged and decreed that the personal estate of said deceased is liable for all his debts, whether such debts be secured in any manner, or whether they be unsecured, and that the administratrix of said estate shall so apply such personal estate before any realty owned by said deceased at the time of his death be sold under mortgage or otherwise."

The only assignment of error is directed against this adjudication.

Defendants contend; under the rule of descent, section 1654 Consolidated Statutes, the property described therein is that which passes to the heirs, as follows: "When any person dies seized of any inheritance, or of any right thereto, or entitled to any interest therein, not

having devised the same, it shall descend under the following rules." That is the following interest of the deceased passes: (a) Any inheritance; or (b) any right; or (c) any interest therein.

That in construing the statute with reference to the administration of estates, and the statute of descents, 1654 Consolidated Statutes, it is necessary to consider not only what the administrator is entitled to resort to for the payment of indebtedness, but also what actually passes to the heirs under the statute; and defendants insist that under section 1654 of the rules of descent, it is only the interest which the deceased may have had in real estate which passes to his heirs. Defendants in their contentions are not unmindful of the prior decisions of this Court.

C. S., 74, is as follows: "Sale of realty ordered, if personalty insufficient for debts. When the personal estate of a decedent is insufficient to pay all his debts, including the charges of administration, the executor, administrator or collector may, at any time after the grant of letters, apply to the Superior Court of the county where the land or some part thereof is situated, by petition, to sell the real property for the payment of the debts of such decedent."

The language of C. S., 74, *supra,* is clear and unmistakable—when the personalty is insufficient to pay the debts to sell the real property for the payment of the debts.

*Pearson, J.,* in *Hinton v. Whitehurst,* 68 N. C., 318, said: "The personal estate is the *primary* fund for the payment of debts. . . . By the statutes of this State, the land of deceased debtors is made liable for all the debts as a *secondary* fund, in case the debt cannot be made out of the personal estate." *Graham v. Little,* 40 N. C., 407; *Shaw v. McBride,* 56 N. C., 173; *Knight v. Knight,* 59 N. C., 134; *Creecy v. Pearce,* 69 N. C., 68; *Murchison v. Williams,* 71 N. C., 135; *University v. Borden,* 132 N. C., 489; Mordecai's Law Lectures, Vol. 2, p. 1324-5.

In *Humphrey v. Stephens,* 191 N. C., 104, it is held: "When a debt is secured by a mortgage, the debt is the principal and the mortgage only the incident, security for the debt. An assignment of the debt passes all the rights of the creditor in the mortgage. *Hyman v. Devereux,* 63 N. C., 629; *Smith v. Godwin,* 145 N. C., 242; *Stevens v. Turlington,* 186 N. C., 194; *Trust Co. v. White,* 189 N. C., 283."

Dr. Moseley owed the debts, and we can see no distinction in the debts being for borrowed or purchase money. The principle herein reiterated has been long the settled law of this State.

The judgment below is

Affirmed.