FIRST SECURITY TRUST COMPANY, EXECUTOR OF THE WILL OF J. A. LENTZ, DECEASED, v. MRS. BLANCHE F. LENTZ, MRS. WINNIE LEE KEEVER, E. W. LENTZ, FRANK W. LENTZ, FRANCES E. LENTZ, JOHN A. LENTZ, JR., AND BLANCHE LENTZ, THE LAST TWO BEING MINORS AND REPRESENTED BY THEIR GUARDIAN, MRS. BLANCHE F. LENTZ.

(Filed 19 December, 1928.)

**1. Wills—Construction—Action to Construe Wills—Executors and Administrators.**

The executor of a will may apply to the court for an interpretation thereof.

**2. Same—Judgments.**

Where an executor has applied to the court to obtain a construction of a will with respect to the value of the parts to be taken by each of the beneficiaries, the judgment of the court, unappealed. from, is to be considered by the court in a subsequent proceeding by the executor to obtain information for his guidance.

**3. Executors and Administrators—Allowance and Payment of Claims—Liabilities of Estate.**

A testator may not so dispose of his estate as to avoid the payment of his debts in accordance with the priorities fixed by statute. C. S., 93.

**4. Wills—Construction—Afterborn Children—Descent and Distribution.**

A child born after the testator has executed his will, and who is not therein mentioned or provided for, is entitled to such share and proportion of her father's estate as if he had died intestate. C. S., 4169.

**5. Executors and Administrators—Allowance and Payment of Claims— Order of Affecting Assets for Payment of Debts—Wills.**

While the law fixes the primary liability for the payment of the testator's debts upon the personal property, the testator may by the terms of his will charge specific devises or bequests with the payment of designated debts, and exempt his personal property from the primary burden of paying such debts.

**6. Same—Specific Bequests and Legacies.**

Where a testator has devised separate portions of his lands to designated children and to his wife in lieu of dower, and his business to certain of his children upon condition that they pay the indebtedness that may be outstanding against it, and also has annexed a like condition to the other specific devises and bequests, and it is made to appear that the liabilities of the business greatly exceed its assets, equity will charge payment of the debts upon the other estate left by the testator, observing the intent of the testator in regard to the apportionment to be charged against the various interests to be taken by the other beneficiaries.

**7. Same.**

Where the testator has specifically devised to certain of his children designated portions of his estate under certain conditions as to the payment of his debts, and also to his wife a life estate in certain of his other lands under like conditions in lieu of dower, and in equity both of these estates are chargeable with debts which would not otherwise be paid: *Held,* the widow stands on a parity with the others in this class, and they are entitled to equality of contribution as among themselves, which in a proceeding by the executor involving this question, he is not required to adjust.

**8. Reference—Consent Reference—Power of Judge to Modify, Set Aside, etc.**

In passing upon the report of a referee under a consent reference the judge has the authority, in the exercise of his supervisory power under the statute, to affirm, amend, modify, set aside, make additional findings, or confirm or disaffirm the report in whole or in part, and on this appeal leave is granted the parties to file additional exceptions if so advised.

Appeals by plaintiff and defendants, Winnie Lee Keever, E. W., F. A. and Frances Lentz, from *Finley, J.,* at May Term, 1928, of Catawba.

Civil action brought by First Security Trust Company, executor under the will of John A. Lentz, deceased, against the devisees, legatees and afterborn child of the testator, who are making opposing demands upon the plaintiff, to secure an accounting and for guidance in the discharge of its duties as said executor.

John A. Lentz, of Catawba County, died 8 April, 1925, leaving a last will and testament in words and figures as follows, to wit:

"I, J. A. Lentz, of the city of Hickory, county of Catawba, and State of North Carolina, being of sound mind and memory, do make, publish and declare the following as and for my last will and testament:

"1. My executor hereinafter named, shall as soon as possible after my decease, make distribution of my estate, and the payment of all my just debts shall be made out of the property and in the manner hereinafter designated.

"2. I give and devise to my daughter, Mrs. Winnie Lee Keever, wife of Clarence Keever, the dwelling-house and lot on the corner of Twelfth Avenue and Fourteenth Street where she and her husband now reside, to have and to hold the same to her and her heirs forever.

"3. I give and devise to my son, E. W. Lentz, the dwelling-house and lot known as No. 1223 Fourteenth Street, in the city of Hickory, where T. T. Hamilton now lives, to have and to hold the same to him, the said E. W. Lentz, his heirs and assigns forever.

"4. I give and devise to my son, Frank W. Lentz, the dwelling-house and lot situate in the city of Hickory at the corner of Ninth Avenue and Twentieth Street, to have and to hold the same to him the said Frank W. Lentz his heirs and assigns forever. And in order to equalize the value of the real estate herein devised, I further give and bequeath unto my said son, Frank W. Lentz, ten (10) shares of the capital stock of the First National Bank, of Hickory, N. C.

"5. I give and devise to my daughter, Frances E. Lentz, the dwelling-house and lot known as No. 1229 Fourteenth Street, situated at the corner of said street and Thirteenth Avenue, in the city of Hickory, to have and to hold the same to her, the said Frances E. Lentz, and her heirs forever. And in order to equalize the value of the real estate herein devised, I also give and bequeath to my said daughter, Frances E. Lentz, ten (10) shares of the capital stock of the First National Bank, of Hickory, N. C.

"6. I also give and devise to my daughter, Frances E. Lentz and my son, Frank W. Lentz, the lot and dwelling-house located in the city of Hickory, same being No. 1217 Fourteenth Street, where E. W. Lentz now resides, to have and to hold the same to them, their heirs and assigns forever.

"7. To my four children, namely, Mrs. Winnie Lee Keever, E. W. Lentz, Frank W. Lentz and Frances E. Lentz, I give, devise and bequeath my lumber business, operated in the name of J. A. Lentz, including the real estate in said city of Hickory where located, machinery, supplies, equipment, accounts and notes receivable and all property used in connection with the operation of said lumber business: Provided, however, that all bank notes and debts owing for lumber and supplies, or contracted in the operation of the business aforesaid, which may be owing by me at my death, shall be paid by the said Mrs. Winnie Lee Keever, E. W. Lentz, Frank W. Lentz and Frances Lentz, in equal

proportions, that is to say, all debts growing out of the business aforesaid shall be paid by the parties aforesaid.

"8. I give and bequeath and devise to my wife, Blanche F. Lentz, and our son, John A. Lentz, Jr., the use, occupancy and enjoyment of our residence property in Hickory, N. C., situated on 20th Street, and containing 25 acres, more or less, with all furnishings and equipment of whatever kind, all outbuildings, stock, etc., for and during the term of the natural life of the said Blanche F. Lentz, and after her death remainder in fee to the said John A. Lentz, Jr., his heirs and assigns forever. However, if the said John A. Lentz, Jr., shall not be living at the time of the death of my wife, and shall leave no issue capable of inheriting, then and in that event, said property shall be equally divided among my four children, namely, Winnie Lee Keever, E. W. Lentz, Frank W. Lentz and Frances E. Lentz.

"9. I give and bequeath unto my wife, Blanche F. Lentz, absolutely and unqualifiedly, all of my personal property whatsoever and wheresoever situated, other than the 20 shares of stock in the First National Bank of Hickory, N. C., bequeathed to Frances E. Lentz and Frank W. Lentz, and my interest and holdings in the lumber business aforesaid herein devised and bequeathed to my four children above named. With the exception of the 20 shares of stock in the First National Bank and my lumber business aforesaid, this bequest to my wife is made absolutely with the sole provision that she shall pay any and all just debts which I may be owing at my death, including funeral expenses, except any indebtedness against me in connection with my lumber business aforesaid which latter indebtedness shall be paid by the four children above named to whom said business is bequeathed and devised. I shall leave it to the good judgment of my wife to make any provision necessary for the proper maintenance and education of our son, John A. Lentz, Jr., out of the property herein specifically bequeathed to her.

"10. All the rest and residue of my real estate, wheresoever situated, I give and devise to my four children, Winnie Lee Keever, E. W. Lentz and Frank W. Lentz and Frances E. Lentz, share and share alike: Provided they shall pay the costs of administration.

"11. By way of general explanation, the provisions made herein for my wife, Blanche F. Lentz, are to be in lieu of dower and distributive share of my estate.

"Any moneys or other property which I may have heretofore given to my several children or may myself give them in my lifetime, are to be taken to be gifts and not as advancements, and are not to be accounted for by them in the distribution of my estate: Provided, however, that if my executor should be required to pay any note or other obligation upon which I am an endorser or surety for any of my

26—196

children, then such sum or sums so paid shall be charged against the account of the child for whom it is paid and shall be taken out of such child's interest in the lumber business aforesaid devised and bequeathed to them.

"Should any of my children predecease me, and be not living at my death, then the children of any such deceased child of mine shall stand in his or her stead and take under the provisions of this will in place of such deceased child or children: Provided, however, that if any of my children are dead without leaving lineal descendants, the provisions herein made for such child or children shall go to my other children equally.

"12. I hereby constitute and appoint the First Security Trust Company, of Hickory, N. C., my lawful executor to all intents and purposes, to execute, without bond, this my last will and testament according to the true intent and meaning thereof, hereby revoking and declaring utterly void all other wills by me heretofore made. Said executor shall receive the sum of $750.00 in lieu of commissions, or compensation allowed by law, for its services in connection with the settlement of my estate same to be paid out of the property herein bequeathed and devised to Winnie Lee Keever, E. W. Lentz, Frank W. Lentz and Frances E. Lentz, in equal proportions.

"In the payment of inheritance taxes, my executor shall pay in such manner as such inheritance taxes may be assessed against my wife and children and out of such property as I have herein devised and bequeathed to them, and in just and equal proportion thereto according to the valuation placed thereon by the Inheritance Tax Assessor. In other words, the shares given to my wife and each of my children shall bear its own proportion of the inheritance tax assessed against such shares.

"In witness whereof, I, the said J. A. Lentz, do hereunto set my hand and seal, this 14 November, 1921.

"J. A. LENTZ (Seal).

Witnesses: Jno. W. Bohannon, L. H. Warlick, Jr., W. Whisnant."

The testator left him surviving four children by his first marriage, to wit, Winnie Lee Keever, E. W. Lentz, F. A. Lentz and Frances Lentz, his widow, Blanche F. Lentz, and two children by his second marriage, John A. Lentz, Jr., and little Blanche F. Lentz, who was born after the making of her father's will, and the testator died without making any provision for her. C. S., 4169.

On 27 May, 1925, Winnie Lee Keever, E. W., F. A. and Frances Lentz filed with the executor their relinquishment of all claim to the "lumber business," under the conditions of the 7th paragraph of the

will, and authorized the executor to deal with this property as though such paragraph did not appear in the will.

Thereafter, the executor instituted an action in the Superior Court of Catawba County for the purpose of obtaining a construction of the will, in which certain questions were submitted to the court for answer and direction, and at the September Term, 1926, judgment was rendered therein, from which no appeal was taken, which provides, in substance, as follows:

"First: That Mrs. Winnie Lee Keever, E. W. Lentz, Frank W. Lentz, and Frances E. Lentz, under articles two, three, four and five of the will of John A. Lentz, deceased, take the property therein devised or bequeathed, both real and personal, free and discharged from all indebtedness, except and so far as the same may be necessary to pay any debts of the deceased not otherwise provided for.

"Second: That Frances E. Lentz and Frank W. Lentz take the property described in article six of the will, except and so far as the same may be necessary and required to pay any debts of the deceased not otherwise provided for.

"Third: That Mrs. Winnie Lee Keever, E. W. Lentz, Frank W. Lentz and Frances E. Lentz, under article seven of the will take the property therein described, provided they pay all indebtedness incurred on account of the operation of the lumber business. In case they refuse to comply with the condition expressed in said article, then all the property described in said article, both real and personal, remains to be disposed of and the indebtedness incurred in the operation of the lumber business is to be discharged as though the deceased died intestate.

"Fourth: That Mrs. Blanche F. Lentz, widow of the testator, takes a life estate in the real estate described in article eight of the will with remainder in fee to John A. Lentz, Jr., on condition he be living at the death of Mrs. Blanche F. Lentz.

"Fifth: Mrs. Blanche F. Lentz under article nine takes all personal property belonging to the deceased at the time of his death except the twenty shares of bank stock and the personal property belonging to and used in connection with the lumber business, provided she pays all debts existing at the time of the death of the deceased including funeral expenses except debts incurred in the operation of the lumber business. If she refuses to comply with the condition expressed in said article, then and in that event, all such personal property remains to be disposed of and all such debts remain to be discharged as though the deceased died intestate.

"Sixth: Under article ten of the will, the four children of the first marriage, *i. e.,* Winnie Lee Keever, E. W. Lentz, Frank W. Lentz, and Frances E. Lentz, take all the real estate not described in former

---

---

articles of the will provided they pay the costs of administration, but they take it only if not required to be sold for payment of debts of the estate or such remainder as may not be necessary to be sold and proceeds used in payment of debts of the estate and upon payment by them of the costs of administration."

This present action was instituted 28 January, 1927, for the purpose of ascertaining the values of the respective legacies and devises and for an accounting, separating the debts of the "lumber business" from others of the estate. The liabilities of the lumber business exceeded its assets by more than $15,000. The testator disposed of his entire estate without making adequate provision for the payment of his debts.

A reference was ordered and the matter heard by Hon. S. J. Ervin, who found the facts and reported the same, together with his conclusions of law, to the court. Upon exceptions duly filed to the report of the referee, the same was modified and affirmed, from which appeals, as above noted, have been prosecuted.

*H. G. Stephens and E. B. Cline for plaintiff.*

*W. B. Council and Mark Squires for defendants, E. W. Lentz, Frances Lentz, Winnie Lee Keever and Frank Lentz, appellants.*

*Self & Bagby and Bailey Patrick for defendants, Mrs. Blanche Lentz, John A. Lentz, Jr., and Blanche Lentz, appellees.*

STACY, C. J., after stating the case: The right of the plaintiff to bring this action and to seek the advice of the Court on an existing state of facts, upon which a decree or some direction in the nature of a decree may be founded, is supported by a number of decisions, notably *Balsley v. Balsley,* 116 N. C., 472, 21 S. E., 954, *Tyson v. Tyson,* 100 N. C., 360, 6 S. E., 707; *Little v. Thorne,* 93 N. C., 69, and *Tayloe v. Bond,* 45 N. C., 5.

It may be observed *in limine* that with the exception of the homestead right and the rights of a widow, which generally are superior to the rights of creditors, the debts of a decedent must be paid, if he leave anything with which to pay them, and if his estate be not sufficient to pay his debts in full, then they are to be paid in classes, with those of the last class, if and when reached, sharing ratably in what is left. C. S., 93; *Murchison v. Williams,* 71 N. C., 135. But he has nothing to give away until his debts have been paid or his obligations have been fulfilled. Equity, which delighteth in equality, as well as the law, which commands the right, requires that a man shall be just before he is generous, for generosity ceases to be a virtue when indulged in at the expense of creditors.

In considering the will now under review, regard should be had to the construction heretofore placed upon it by the Superior Court of Catawba County as appears from the judgment entered at the September Term, 1926, to which no exception was taken, and from which no appeal was prosecuted.

Preliminarily, it should be stated that little Blanche F. Lentz, the child born after the making of her father's will, and whose father died without making any provision for her, is entitled to such share and proportion of her father's estate as if he had died intestate. C. S., 4169; *Christian v. Carter,* 193 N. C., 537, 137 S. E., 596; *Sorrell v. Sorrell,* 193 N. C., 439, 137 S. E., 306. This is conceded on all hands.

With respect to the order of affecting assets, or the priority of their application, the general rule is, that in the absence of any controlling direction by the decedent to the contrary, the personal estate is primarily liable for the payment of the debts of the deceased. *Moseley v. Moseley,* 192 N. C., 243, 134 S. E., 645; *Pate v. Oliver,* 104 N. C., 458, 10 S. E., 709; *Murchison v. Williams,* 71 N. C., 135; *Robards v. Wortham,* 17 N. C., 178. Next in order usually come estates devised for the payment of debts. Then estates descended or undevised. And lastly estates specifically devised, subject to, or generally charged with the payment of debts. *Galton v. Hancock,* 2 Atkyns, 428; *Donne v. Lewis,* 2 Brown's C. C., 256; *Hinton v. Whitehurst,* 68 N. C., 318; *Graham v. Little,* 40 N. C., 407; *Shaw v. McBride,* 56 N. C., 173; *Knight v. Knight,* 59 N. C., 134; *University v. Borden,* 132 N. C., 477. It should be observed, however, that while the personal estate is originally liable, yet the testator may exempt it, in whole or in part, by express words or manifest intention, from the payment of all or a part of his debts. *Webb v. Jones,* 2 Brown's Cha. Rep., 60.

Here, the testator has charged his "lumber business" with the payment of the debts arising from such business, in ease of his personal estate, and in definite and unequivocal language he undertakes to exonerate his personal property from the payment of any debts arising from the operation of the lumber business; but he specifically charges his personal estate, bequeathed to his wife in item 9 of the will, with any and all debts existent at the time of his death, and funeral expenses, except indebtedness contracted in connection with the lumber business, while in item ten the cost of administration is specifically charged against the residuary devise. Hence, the personal property must be held exempt from the primary burden of paying the debts of the lumber business. This is in accordance with the judgment of the Superior Court of Catawba County entered at the September Term, 1926.

But as the liabilities of the lumber business exceed the assets of said business to the extent of something more than $15,000, and the record

shows other debts not yet paid, with no adequate provision made for their payment, the question presented for decision is, what property shall next be taken to pay these debts? Again, attention is directed to the fact that in seeking to ascertain the intention of the testator, regard must be had to the construction heretofore placed upon the will by the Superior Court of Catawba County, to which no exception was taken and from which no appeal was prosecuted.

If, after following the rule above stated, it should become necessary to resort to the fourth-class, or to the estates specifically devised, including the property bequeathed to the widow in lieu of dower, we think the devisees in this class and the widow who, by reason of the peculiar provisions of the will, as heretofore construed by the Superior Court of Catawba County, seems to stand on a parity with them, are entitled to equality of contribution as among themselves. *Murchison v. Williams, supra.* But the executor is not required to adjust the question of contribution as among the devisees in the fourth-class and the widow who stands on a parity with them. It may proceed in the most expeditious and judicious manner for the settlement of the estate, having regard, of course, for the order of affecting assets, or the priority of their application, and leave the devisees of the fourth-class and the widow to settle their differences among themselves. *Bruton v. McRae,* 125 N. C., 206, 34 S. E., 397.

This course seems not to have been followed in the court below, hence the judgment will be vacated and the cause remanded for further proceedings, not inconsistent with this opinion and as the further rights of the parties may require.

Leave will be granted the parties to file additional exceptions to the report of the referee, if so advised, or the matter may be heard and determined on the exceptions already filed.

In view of the position taken by some of the parties that the judge was without authority to change the report of the referee—the reference being by consent—it is sufficient to say that, in a consent reference, as well as in a compulsory one, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, may affirm, amend, modify, set aside, make additional findings and confirm, in whole or in part, or disaffirm, the report of a referee. *Contracting Co. v. Power Co.,* 195 N. C., 649, 143 S. E., 241; *Mills v. Realty Co., ante,* 223, 145 S. E., 26.

Error and remanded.