CARRIE L. STEWART, ADMINISTRATRIX, v. PHŒBE DOAR ET AL.

(Filed 28 June, 1933.)

**Executors and Administrators D e—Docketed judgment comes within fifth class enumerated by statute prescribing priority.**

> A docketed judgment against the lands of a deceased comes within the fifth class enumerated by the statute prescribing priority, C. S., 93, and, unless made so by its terms, is not such a "specific lien on property" as to bring it within the first class enumerated by the statute.

APPEAL by defendants from *Warlick, J.,* at February Term, 1933, of ROWAN.

Proceeding to sell land to make assets, and to determine priority of application.

The defendants were judgment creditors of plaintiff's intestate at the time of his death. He died seized and possessed of a tract of land in Rowan County, which has been sold to make assets. The personal estate of decedent is insufficient to pay his debts.

The following question was submitted to the court for decision on an agreed statement of facts: "Do the judgments of the defendant against the lands of the deceased, taken during his lifetime, have precedence and priority over a claim for funeral expenses for the burial of the deceased?"

The court held "that the judgments of the defendants, although duly docketed on real estate several years preceding the death of the judgment debtor, do not have precedence and priority over a claim for funeral expenses; it is, therefore, ordered and adjudged, that the pro-

ceeds from the sale of said lands shall first be applied to the payment of funeral expenses before any part shall be applied on the judgments of the defendants."

From this ruling, the defendants appeal, assigning error.

*No counsel appearing for plaintiff.*
*R. Lee Wright for defendants.*

STACY, C. J. The question propounded is answered by the statute. It is provided by C. S., 93 that the debts of a decedent shall be paid in classes, funeral expenses constituting the second class, and docketed judgments, to the extent of the lien (*Jerkins v. Carter,* 70 N. C., 500), the fifth. The lien of a docketed judgment, which is *eo nomine* put in the fifth class, is not such a "specific lien on property," unless made so by its terms, as to come within the first class mentioned in the statute.

Upon the record as presented, the judgment is correct. *Murchison v. Williams,* 71 N. C., 135.

Affirmed.