Mr. Chief Justice Sharkey
delivered the opinion of the court.
In an action on administrators’ bond, the plaintiffs assigned various breaches, in reply to a plea of conditions performed, to which the defendants rejoined. To several of the rejoinders the plaintiffs demurred generally, and the court overruled the demurrers. On the trial the plaintiffs offered in evidence the record of a judgment, recovered by them against the administrators, in a suit brought against Brown in his lifetime. This was rejected; and the overruling the demurrers, and the rejection of this record, are now assigned for errors.
The first demurrer was to the rejoinder of the third breach assigned. The breach is, that the defendants did not truly administer the assets that came to their hands in this,— that they *313 paid $24,877, the full amount of certain debts contracted by Brown in his lifetime, and left wholly unpaid the judgment of the plaintiffs. The rejoinder confesses the payments, but avers that they were made, after the lapse of nine months from the grant of administration, in good faith, under a belief that the estate was solvent, but that it had since become insolvent, by a depreciation in the value of property.
An answer to the assignment of a breach, to be good, should present a bar to the plaintiffs’ action. Does this do so? It presents no reason whatever for a failure to pay the plaintiffs’ distributive share, even admitting the estate was properly declared insolvent; nor does it aver, that the assets had been entirely exhausted. It seems to be reasonable,x that a great and sudden depreciation in the value of property might so change the condition of an estate, as to excuse an administrator from liability for debts previously paid. Miller v. Rice, 1 Rand. 438. But can an administrator justify his return of insolvency on this ground, after having held the estate an unreasonable length of time? An administrator must be prompt. It does not appear how long this estate was in the course of administration before insolvency occurred. It may have become insolvent from the fault of the administrators. An administrator can give no preferences, and if he return an estate insolvent, after having paid debts, he must have a clear and undoubted excuse. Black v. Barton, 6 S. & M. 243. There seems, therefore, to be a great want of certainty in this rejoinder. This rejoinder may be true, and yet there may have been the grossest maladministration.
By the fourth breach it is alleged, that the defendants did not truly administer in this, — that they sold real estate, to the amount of $50,000, for the payment of debts, which sum 'they wholly failed to pay out in the course of administration. The rejoinder is, that before the money was received, the estate was reported insolvent. Suppose it to be so, did that excuse the adminstra-tors from failing to pay those entitled, whgn it was received ? The deduction from the fact pleaded would be, that, by reporting an estate insolvent, an administrator is excused from further payment.
*314 The fifth breach is, in substance, the same as the fourth, and the rejoinder sets up the same fact; it is therefore liable to the same objection.
The sixth breach charges the defendants with maladministration, in wrongfully suffering judgments to be rendered against them, before the expiration of nine months; their rejoinder is a denial, in terms as certain as the breach', and may therefore be sufficient.
The seventh breach charges maladministration in this, — that defendants paid out the sum of $24,000, towards debts wrongfully contracted by them after Brown’s death, when the estate was insolvent, and not in the due course of administration, and left unpaid the judgment of plaintiffs. To this, it is answered, that the money was paid out on contracts rightfully made by them, in pursuance of the will. This answer does not make out a full justification. The creditors of an insolvent estate have equal claims, although there may be a will, and an administrator can make no contract which will defeat their claims. If the will authorized the making of contracts, the facts should have been pleaded, and it was for the law to determine whether they were rightfully or wrongfully made. The demurrers, therefore, to these several rejoinders, except the sixth, were improperly overruled.
The remaining question is, did the court err in rejecting the record of the plaintiffs’ judgment? The objections to the record are twofold; first, that the scire facias to revive against the defendants, was not executed as to one of them; and second, for a variance in the description of parties.
The suit was instituted against Brown, and after his death, a scire facias was issued, to revive against the defendants. The service on two of them was regular, but as to the other, the process was executed by leaving a copy at his place of business with one of his clerks, without stating that the defendant was from home.
Suppose this was insufficient service, what is the effect? As to those who were served, the judgment might have been reversed on error, but it was at most merely irregular, not void as *315 to them. The judgment was rendered in May, 1838, and no steps were taken to reverse it. It cannot now be reversed; it must therefore stand as a judgment against the estate, and it was only introduced to prove the existence of a claim against the estate. It is not entirely clear, to my mind, that a service on two out of three administrators is insufficient as against the other. They all fill but one office; the act of one is the act of all, and they represent the estate. A judgment against them only binds the estate. 6 J. J. Marsh. 125. With partners it is different. A judgment is binding on them jointly and severally on the joint fund and their individual property. An intimation was thrown out on this question in Breckenridge's Adm’r v. Mellon’s Adm’r, 1 Howard, 273, but it was left rather in doubt. Be that as it may, it is now too late to object to a mere irregularity in a judgment, when it is introduced to prove the existence of a debt against an estate.
The variance complained of is, that the judgment was rendered against the defendants as administrators generally, whereas they are described in the proceedings in this action as administrators cum testamento annexe. This is certainly an immaterial variance, if it be a variance at all.
Judgment reversed, and cause remanded.