MARIE M. RICH ET AL. v. R. A. DOUGHTON, COMMISSIONER.

(Filed 24 November, 1926.)

**1. Taxation—Statutes—Exemptions—Interpretation.**

Laws exempting religious, charitable, etc., organizations, from a tax imposed, are strictly construed, and require express statutory words or expressions to that effect, or the exemptions claimed follow by necessary implication from the language used in the statute.

**2. Same—Inheritance Tax—Religious Organizations—Domestic Corporations—Foreign Corporations.**

Our statute exempting from the inheritance tax "legacies or property passing by will or otherwise . . . to religious," etc., corporations not conducted for profit in this State, applies only to such as are incorporated under the laws of our State, and not to those existing under the laws of other states or foreign countries, and only operating herein.

CIVIL ACTION, before *Bond, J.,* at September Term, 1926, of WAKE.

D. Rich, a resident of Forsyth County, died 21 October, 1924, leaving a last will and testament. The fifth item of his will is as follows: "I will that 19/128 of my entire estate be given to religious, charitable and educational institutions as follows: (1) I will to the Foreign Mission Board of the Southern Baptist Convention at Richmond, Va., 7/128 of my entire estate to be used by it in sending missionaries to the foreign fields, as it may elect, preferably to continue in the foreign fields any missionaries in whom I have been personally interested, so long as their services are satisfactory to the board.

(2) I will to the Home Mission Board of the Southern Baptist Convention, at Atlanta, Georgia, 2/128 of my entire estate, to be used by it in building schools and churches, and paying missionaries within the bounds of the Southern Baptist Convention of the United States of America."

The court found as a fact that the Foreign Mission Board of the Southern Baptist Convention and the Home Mission Board of the

Southern Baptist Convention are foreign corporations, the Foreign Mission Board being a religious and educational corporation, not conducted for profit, organized and existing under the laws of the State of Virginia, and the Home Mission Board being a religious and educational corporation, not conducted for profit, organized and existing under the laws of the State of Georgia. Both of these boards constitute agencies through which the Baptists of North Carolina carry on mission work and other charitable and religious activities. The Revenue Commissioner of the State has ruled that the legacies in said will to the Foreign Mission Board and the Home Mission Board are subject to inheritance tax under the laws of North Carolina. The plaintiffs, who are the executors of the will of said deceased, challenged the correctness of this ruling and instituted this action to test the validity thereof. The cause was submitted upon an agreed statement of facts and the court adjudged "that said commissioner of revenue recover from the plaintiffs herein, executors of the estate of D. Rich, deceased, the sum of $6,801.05, with interest on the same at the rate of 6% per annum since 21 October, 1925," etc.

From the foregoing judgment plaintiffs appealed.

*Manly, Hendren & Womble for plaintiffs.*

*Attorney-General Brummitt and Assistant Attorney-General Nash for defendant.*

BROGDEN, J. Is property, passing by will of a resident of this State, or by the interstate laws thereof, to foreign religious corporations, liable for inheritance tax?

The exemption clause of the inheritance tax law is found in Public Laws 1925, ch. 101, sub-sec. 3, and is as follows: *"Provided,* that no tax be imposed or collected under this section on legacies or property passing by will or otherwise, or by the laws of this State to religious, educational or charitable corporations (not conducted for profit) in this State, and this provision shall apply to all such legacies or property passing by will or by the laws of this State since 12 March, 1913."

The plaintiffs contend that the "religious, educational or charitable corporations (not conducted for profit) in this State" refer to corporations operating in this State irrespective of the domicile of such corporations. "It is a well-established general rule that exemptions from taxation are to be strictly construed, and that no claim of exemption can be sustained, unless within the express letter or necessary scope of the exempting clause." *In re Hickok's Est.,* 62 Atlantic, 724. In *Hickok's case, supra,* the Vermont statute exempted from its operation

property passing "to or for charitable, educational or religious socie-
ties or institutions, the property of which is exempt by law from taxa-
tion." The legacies in that case passed to institutions incorporated in
the states of Massachusetts, New York, Virginia and Illinois, and were,
therefore, foreign corporations. The tax commissioner of Vermont held
that foreign corporations were not within the exemption and the validity
of the tax was upheld.

In *Humphreys v. State,* 70 Ohio St., 67, legacies were bequeathed
to the American Bible Society, American Tract Society, and American
Sunday School Union. All of these legatees were foreign corporations,
not organized for profit, but for advancing the cause of religion. The
Ohio statute exempted from inheritance tax property bequeathed or
devised "to or for the use of any institution in said state for purposes
of purely public charity or other exclusively public purposes." These
legatees, although foreign corporations, had representatives in the State
of Ohio, but the Court held that they were not "institutions in said
state," and the validity of the tax was upheld.

*In re Lyon's Estate,* 128 N. Y. St., 1004, a gift was made to the
American Baptist Missionary Union (Boston, Mass.). This corpora-
tion was a foreign corporation but had domesticated in New York,
and the Court held that the legacy was not subject to the tax.

In *Alfred University v. Hancock,* 46 Atlantic, 178, the Court said:
"The overwhelming weight of authority is that where the Legislature
grants exemption from such a tax to corporations or organizations, it
includes in the exemption only domestic corporations and organiza-
tions."

The reason underlying the authorities is thus stated in *Matter of
Estate of Prime,* 136 N. Y., 347: "We are of the opinion that a statute
of a state granting powers and privileges to corporations must, in the
absence of plain indications to the contrary, be held to apply only to
corporations, created by the state and over which it has power of
visitation and control. . . . The Legislature in such cases is dealing
with its own creations, whose rights and obligations it may limit, define
and control." *U. S. v. Perkins,* 163 U. S., 625; *In re Rothschild's Est.,*
63 Atlantic, 615; *Davis v. Stevens,* 94 N. E., 556.

The courts of California and Kentucky have held that bequests to
foreign, educational, or religious corporations are not subject to in-
heritance tax.

*In re Estate of Marie Antoinette Fiske v. Princeton University,* there
was a legacy to the Princeton University, Cheshire Public Library and
Cheshire Cemetery. The Court held that the legacy was not subject to
inheritance tax. The California statute, under which the exemption
was claimed, is referred to in the opinion. The statute is very broad
and comprehensive. Indeed, *Wilbur, J.,* speaking for the Court, says:

"Our attention is not called to any law which is as broad and comprehensive in its scheme of exemption as our statute."

In case of *Sage's Executors v. Commonwealth,* 196 Ky., 257, the widow of Russell Sage gave the residue of her large estate to various educational institutions and charitable organizations, none of which was located in the State of Kentucky. The Kentucky statute, under which the exemption was claimed, was also broad and comprehensive. It provided in substance "that property of any amount bequeathed to . . . any person or persons, society, corporation, institution, or association, in trust for any of the purposes above mentioned, shall be exempt from such tax." In construing this statute the Court held that the legacies were exempt from inheritance tax.

In case of *Bingham's Administrator v. Commonwealth,* 196 Ky., 318, the Court considered the question, among others, as to whether or not legacies by Mrs. Bingham to the University of North Carolina and hospitals and churches located in Florida were subject to inheritance tax in the State of Kentucky. The Court held, upon authority of the *Sage case, supra,* that said legacies were not subject to inheritance tax.

The divergence of decision in the courts grows out of the construction of the various statutes applicable to the question. The North Carolina statute provides that no tax shall be imposed or collected on legacies passing to educational or charitable corporations "in this State." The words "in this State" must be construed in connection with the words "religious, educational or charitable corporations" in the sense of designating and specifying the institutions that the Legislature had in mind. In other words, the corporations referred to, falling within the exemption, are the corporations of this State, for the reason that our own institutions were the immediate objects of legislative solicitude in granting exemptions from inheritance tax.

We therefore hold that the legacies involved in this controversy are subject to inheritance tax, and the judgment is upheld.

Affirmed.