EDDIE STROUD and Others, Next of Kin and Distributees of the Estate of PHILLIP STROUD, Deceased, v. W. E. STROUD and THOMAS W. STROUD, Administrators of PHILLIP STROUD, Deceased, and ÆTNA CASUALTY AND SURETY COMPANY.

(Filed 20 June, 1934.)

1. Executors and Administrators K b—

Executors and administrators, as well as guardians, are not insurers of the assets of estates committed to their custody and care.

2. Executors and Administrators K c—Administrators held not liable for failure to collect certificates of deposit before insolvency of bank.

Evidence that administrators of an estate received, as part of the assets, certain certificates of deposit bearing four per cent interest, issued by several banks to their intestate, that distributees of the estate requested the administrators to collect on the certificates of deposit and deposit the

proceeds in a safety deposit box because they feared the banks issuing the certificates might become insolvent, that their apprehension was based solely upon the alleged fact that other banks in other cities in the State had become insolvent, without any evidence that the administrators had any reason to apprehend the failure of the banks which intestate had selected as depositories other than the failure of banks in other cities, and that the banks issuing the certificates of deposit remained open for business continuously from the date of intestate's death until they closed and were placed in the statutory receiver's hands about four months thereafter, *is held* insufficient to show negligence on the part of the administrators in failing to collect the certificates of deposit, and neither they nor the surety on their bond may be held liable for the loss resulting therefrom.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Grady, J.,* at November Term, 1933, of LENOIR. Affirmed.

The plaintiffs in this action are next of kin and distributees of the estate of Phillip Stroud, who died intestate, in Lenoir County, North Carolina, on 10 December, 1930.

The defendants, W. E. Stroud and Thomas W. Stroud, brothers of Phillip Stroud, and also next of kin and distributees of his estate, were duly appointed as his administrators by the clerk of the Superior Court of Lenoir County, and having first filed bond as required by statute, with the defendant Ætna Casualty and Surety Company, as surety, duly qualified as such administrators on 16 December, 1930.

Among the assets belonging to the estate of Phillip Stroud, deceased, which came into the hands of the defendant administrators, were certain certificates of deposit issued to Phillip Stroud, from time to time, (1) by the National Bank of Kinston, N. C., aggregating the sum of $4,186.57; (2) by the First National Bank of Kinston, N. C., aggregating the sum of $4,492.34; and (3) by the Farmers and Merchants Bank of Kinston, N. C., aggregating the sum of $11,941.04. Each of these certificates of deposit was payable to the order of Phillip Stroud; the amount of each certificate bore interest from its date at 4 per cent per annum; the deposit was not subject to check, but was payable to the holder of the certificate. Each issuing bank reserved the right to require from the holder of the certificate thirty days notice of his purpose to withdraw the deposit for which the certificate was issued.

No notice was given by the defendant administrators to either of said banks of their purpose to withdraw the amounts of said deposits. The said defendants kept the said certificates of deposit, and have not collected the same.

The National Bank of Kinston closed its doors and ceased to do business on 21 April, 1931, because of its insolvency at that date. Its

assets are now in process of liquidation. A dividend of only 10 per cent has been paid on the claims of its creditors, including the claim of the defendant administrators. The assets of said bank are not sufficient in amount to pay said claims in full.

The First National Bank of Kinston also closed its doors and ceased to do business on 21 April, 1931, because of its insolvency at that date. Its assets are now in process of liquidation. A dividend of only 9 per cent has been paid on the claims of its creditors, including the claim of the defendant administrators. The assets of said bank are not sufficient in amount to pay said claims in full.

The Farmers and Merchants Bank of Kinston closed its doors and ceased to do business on 29 April, 1931, because of its insolvency on that date. Its assets are now in process of liquidation. A dividend of only 5 per cent has been paid on the claims of its creditors, including the claim of the defendant administrators. The assets of said bank are not sufficient in amount to pay said claims in full.

This action was begun on 19 January, 1933, to recover of the defendant administrators and the surety on their bond, the amount of the loss, which plaintiffs, as next of kin and distributees of the estate of Phillip Stroud, have suffered on account of the failure of said defendants to collect the full amounts of said certificates of deposit. It is alleged in the complaint that said loss was caused by the negligence of the defendant administrators in failing to collect from said banks prior to their closing, the amounts of said certificates of deposit. The defendants deny that such failure was due to any negligence on their part.

There was evidence at the trial tending to show that after the defendant administrators had qualified, and had taken said certificates of deposit into their possession as assets of the estate of their intestate, certain· of the plaintiffs had, from time to time, insisted that said defendants collect the said certificates of deposit and deposit the amounts collected in a safety deposit box. These plaintiffs testified that because other banks in this State and elsewhere had closed their doors and ceased to do business after the death of Phillip Stroud, they were apprehensive that the banks in Kinston would do likewise. There was no evidence tending to show that these plaintiffs had any other ground for their apprehension than the conditions then prevailing in this State and elsewhere, with respect to banks. Each of the banks whose certificates of deposit were held by the defendants as assets of the estate of their intestate, continued in business from the death of Phillip Stroud, on 10 December, 1930, to the date of its closing in April, 1931. There was no evidence tending to show that the defendant administrators had any reason to suspect that either of said banks was insolvent, prior to the date of its closing.

At the close of the evidence for the plaintiffs, the defendants moved for judgment as of nonsuit, on the ground that there was no evidence tending to show that the loss which plaintiffs had suffered by reason of the failure of the defendant administrators to collect the amounts of said certificates of deposit, was caused by the negligence of said defendants. The motion was allowed and plaintiffs duly excepted.

From judgment dismissing the action, the plaintiffs appealed to the Supreme Court.

*Shaw & Jones and Wallace & White for plaintiffs.*

*Rouse & Rouse, W. G. Stroud and Carr, Poisson & James for defendants.*

CONNOR, J. It is well settled as the law of this State and elsewhere that neither an executor, an administrator nor a guardian is an insurer of the assets of the estate committed to his custody and care. In *Deberry v. Ivey,* 55 N. C., 370, it is said: "An executor, like other trustees, is not an insurer, nor to be held liable as such in taking care of the assets which come into his hands, nor in collecting them. He is answerable only for that *crassa negligentia,* or gross neglect, which evidences bad faith. The estates of deceased persons are deeply concerned in the existence of such a principle. If an executor was put into the position of an insurer—answerable for any neglect, however slight—unprotected by an honest endeavor to perform his duties, honest and reasonable men would rarely be found willing to incur the responsibility; and those only would incur it who calculated possible gain and loss." See *Thigpen v. Trust Co.,* 203 N. C., 291, 165 S. E., 720.

This principle is applicable to the facts as shown by all the evidence at the trial of this action. There was no evidence tending to show that the defendants were negligent in failing to collect the certificates of deposit which were issued to their intestate, and which came into their possession as assets of his estate. The amount of each certificate bore interest at the rate of four per cent per annum; each certificate was issued by a bank which had been selected by the deceased as a depository and which was open for business continuously from his death until it closed at the end of about four months. During this time, the defendant administrators had no notice that either of said banks was unsound, or would probably be forced to close its doors, because of its insolvency. The fact that other banks had closed and ceased to do business was not sufficient to put defendants on notice that the banks in Kinston were in an unsound condition, prior to their closing, if such was the fact.

The loss suffered by the plaintiffs in the instant case is one of the casualties of business, and must be borne by them, just as similar losses have been and must be borne by many others. There is no principle of law which upon the facts shown by all the evidence imposes this loss upon the defendant administrators or the surety on their bond. There is no error in the judgment dismissing the action as of nonsuit.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.