The plaintiffs are the mother and the children of a deceased sister of Mitchell Martin, deceased. The defendants are the administrator of Mitchell Martin, deceased, and the surety on his bond.
Mitchell Martin died when a soldier in the American Expeditionary Forces. The defendant McPherson qualified as administrator of Mitchell Martin on 27 January, 1930, and in the early part of June, 1930, collected from the United States Government the sum of $6,708.84, being a portion of the proceeds derived from a war risk insurance policy on the life of his intestate, and deposited said amount in his name as administrator in the Bank of Stokes County, at Walnut Cove, on 12 June, 1930. The Bank of Stokes County was closed by the Commissioner of Banks on 18 November, 1930, and is now in the course of liquidation. The Bank of Stokes County was insolvent on 18 November, 1930.
This action was commenced on 25 September, 1934, to recover of the administrator and the surety on his bond the amount of the loss which the plaintiffs, as next of kin and distributees of the estate of Mitchell Martin, have suffered on account of the failure of the said administrator to pay over to them the amount collected by him. It is alleged in the complaint that the loss was caused by the negligence of the defendant administrator in placing the money on deposit in the Bank of Stokes County and allowing it to remain there until the bank was closed. *Page 195 
The evidence tended to show that the money was on deposit therein for the four months and five days next preceding the closing of the Bank of Stokes County; that the administrator was cashier of the Farmer's Union Bank and Trust Company of Stokes County at the time of its merger with the Bank of Stokes County on 7 March, 1926, but had had no connection, other than that of a depositor, with the consolidated bank since that date; that the administrator married the sister of the wife of the cashier of the Bank of Stokes County; that there were some rumors in Walnut Cove, where the administrator lived, during June and July, 1930, that the Bank of Stokes County was in "bad shape," and some of the stockholders and depositors had said that they did not get any dividends and could not collect their deposits, but there was no evidence that the defendant administrator had any knowledge of such rumors, or heard such statements, or that the bank was insolvent at the time.
At the close of the evidence of the plaintiff, the defendants moved for judgment as of nonsuit, upon the ground that there was no evidence tending to show that the loss which the plaintiffs had suffered by reason of the deposit by the administrator of the funds of the estate of his intestate in the Bank of Stokes County was caused by his negligence. The motion was allowed, and the plaintiffs duly excepted.
From judgment dismissing the action, the plaintiffs appealed to the Supreme Court.
There is no evidence tending to show that the defendant administrator was negligent in depositing and allowing to remain in the Bank of Stokes County funds belonging to the estate of his intestate. Prior to and during the time such funds were in the bank the administrator had no notice that the bank was unsound, or would probably be forced to close its doors because of insolvency. Rumors that the bank was in "bad shape," which he did not hear, and the fact that he was a brother-in-law of the cashier of the bank, considered with all the other attendant circumstances disclosed by the evidence, were not sufficient to put the administrator on notice that the bank was in an unsound condition prior to its closing, if such was the fact. Upon the authority of Stroud v. Stroud, 206 N.C. 668, this case is
Affirmed. *Page 196