In re Estate of ALICE J. BOST, Deceased.

(Filed 7 April, 1937.)

1. **Executors and Administrators § 30b—Under facts of this case executors held not personally liable for gravestone purchased without order of court.**

The will provided that not less than $4,500 be spent on testatrix' burial and gravestone, etc. The executors, at a time when it appeared the estate was solvent, spent more than $100 for a gravestone and other burial expenses without an order of court, C. S., 108. *Held:* Upon later insolvency of the estate, creditors may not hold the executors personally liable as for a breach of trust for the expenditure of funds of the estate for this purpose in good faith.

**2. Same—Creditors filing claims more than twelve months after publica- cation of notice may assert their demands only against undistributed assets.**

Creditors filing their claims more than twelve months after the publica- tion of the first notice by the executors may assert their demands only against the undistributed assets of the estate, C. S., 101, and may not hold the executors personally liable for distributing household and kitchen furniture to the legatees shortly after the death of testatrix in accordance with specific bequests in the will, at a time when it appeared the estate was amply solvent.

**3. Same: Attorney and Client § 10—**

Executors paid part of a judgment against the estate to the judgment creditor without notice that his attorneys were entitled to a part of the recovery under a contingent fee agreement. *Held:* The executors cannot be held personally liable by the attorneys.

APPEAL by executors as such, and individually, from *Alley, J.,* 24 December, 1936. From CABARRUS.

Exceptions to report of executors, heard under C. S., 124, and on appeal under C. S., 125, resulting in judgment against the executors individually and in their representative capacity.

The questions presented turn upon the following facts:

1. On 6 August, 1929, Alice J. Bost, of Cabarrus County, died testate, naming the Citizens Bank and Trust Company and Sam Suber her lawful executors, and directing in her will that at least $4,500 should be spent on her burial, gravestone, improvement of family plot, etc., in accordance with directions given in her lifetime. She left an estate valued at the time at approximately $16,000. (See *Lipe v. Trust Co.,* 207 N. C., 794, 178 S. E., 665.)

2. The executors duly qualified 9 August, 1929, filed will for probate, and immediately entered upon the administration of said estate.

3. In Item 8 of the will, the testatrix leaves her household and kitchen furniture, worth about $200, to Mrs. Artie Suber and her children. This was turned over to the legatees soon after the death of the testatrix.

4. The executors rented a house belonging to the testatrix to Mrs. C. H. Lipe for $22.50 per month, her husband agreeing to secure pay- ment of said rent by any interest which he had in the estate. C. H. Lipe is a nephew of the testatrix and was given a legacy of $3,000 under her will. No cash rent has been, collected since 1 June, 1930, and the renting was done without order of court. *Hardy v. Turnage,* 204 N. C., 538, 168 S. E., 823.

5. On 5 August, 1932, C. H. Lipe brought suit against the estate for services rendered the testatrix during her lifetime and recovered judg- ment in the sum of $3,875, agreeing with his counsel, however, that they should have 40 per cent of whatever amount was collected on said judg-

ment. *Lipe v. Trust Co., supra.* The first notice the executors had of Lipe's claim was when he filed suit; and the first notice they had of his agreement with counsel was received 2 August, 1935.

6. The executors have realized only $10,211.62 from properties belonging to the estate, and the estate now appears to be insolvent.

7. In the final report of the executors, the C. H. Lipe judgment is credited with payment of $1,240 on 30 July, 1935, "by house rent."

In the court below, the executors were held personally liable:

First, for $1,298, excessive monument and grave expenses made without order of court;

Second, $200 value of household and kitchen furniture;

Third, 40 per cent of credit on Lipe judgment, plus certain expenses advanced by counsel.

The executors, individually and in their representative capacity, appeal, assigning errors.

*Z. A. Morris, H. S. Williams, and John Hugh Williams for appellants. Crowell & Crowell and Hartsell & Hartsell for appellees.*

STACY, C. J. This is another case in which executors who are required to act in the searchlight of prevision have been judged in the noonday of hindsight. The latter is usually the brighter light, affording a clearer vision. "Hindsight is usually better than foresight." *Ingle v. Cassady,* 208 N. C., 497, 181 S. E., 562.

First, in respect of the burial expenses, purchase of gravestone, improvement of family plot, etc., it should be remembered that these were made in obedience to testamentary instructions and at a time when the estate appeared to be solvent. *Hicks v. Purvis,* 208 N. C., 657, 182 S. E., 151; *Fancher v. Fancher,* 156 Cal., 13, 23 L. R. A. (N. S.), 944, 19 Ann. Cas., 1157. Hence, the provisions of C. S., 108, requiring an order of court to spend more than $100 for a gravestone is not necessarily controlling. 24 C. J., 92, *et seq.* It is not suggested that the executors acted in bad faith—only that they omitted to secure an order of court before proceeding as directed by the will. *Hardy v. Turnage, supra.* The record, we apprehend, is insufficient to hold them as for a breach of trust. *Stroud v. Stroud,* 206 N. C., 668, 175 S. E., 131; *Thigpen v. Trust Co.,* 203 N. C., 291, 165 S. E., 720; *Deberry v. Ivey,* 55 N. C., 370.

Secondly, as to the household and kitchen furniture, specifically bequeathed by the will (*Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356) and turned over to the legatees soon after the death of the testator: It is true that a testator, or testatrix, has nothing to give away until his debts are paid. Equity, which delighteth in equality, as well as the law,

which commands the right, requires that one shall be just before he is generous, for generosity ceases to be a virtue when indulged in at the expense of creditors. *Trust Co. v. Lentz,* 196 N. C., 398, 145 S. E., 776. It is, also, the rule that executors are not chargeable with the value of specific bequests, turned over in good faith in the due administration of the estate prior to notice of claims of creditors, for under C. S., 101, a claimant who has not presented his claim within twelve months from the first publication of the general notice to creditors, is allowed to assert his demand only as against undistributed assets of the estate and without cost against the executor. *Morrisey v. Hill,* 142 N. C., 355, 55 S. E., 193; *Rigsbee v. Brogden,* 209 N. C., 510, 184 S. E., 24; *Mallard v. Patterson,* 108 N. C., 255, 13 S. E., 93. The respondents, who fall in this latter class, are in no position to complain at the disposition made of the household and kitchen furniture. Of course, if their claims had been filed prior to the expiration of the time mentioned in the statute, C. S., 101, a different situation would have arisen. *Woodward v. Fisher,* 19 Miss., 303; 24 C. J., 713. But we have no occasion presently to consider such a case. It is not now before us.

Thirdly, in regard to 40 per cent of the credit made on the Lipe judgment: This adjustment of the house rent, it will be observed, was made by the executors prior to notice of any interest which counsel held in said judgment. The judgment was in Lipe's name, and it is not perceived upon what principle the executors could be held liable for dealing with him as the owner thereof. *Ricaud v. Alderman,* 132 N. C., 62, 43 S. E., 543. Nothing was said in *Casket Co. v. Wheeler,* 182 N. C., 459, 109 S. E., 378, which militates against this position.

The liability of C. H. Lipe for the 40 per cent in question, which, perhaps, would be conceded, is not presented by the record.

The exceptions will be remanded for rulings accordant herewith.

Error and remanded.