MRS. VELNA HEDRICK, Widow of J. T. HEDRICK, Deceased, VELNA HEDRICK, E. L. HEDRICK and BESSIE ALMA CROWELL, Executors of the Will of J. T. HEDRICK, Deceased; BESSIE ALMA CROWELL; E. L. HEDRICK; VELNA HEDRICK; MRS. CHARLES FRITTS; MRS. SAM N. BECK; MRS. DENNIS SNIDER, MRS. C. H. SWING and A. M. CROWELL v. JONES T. HEDRICK and Wife, VEOLA HEDRICK; MARTHA CRAIG HEDRICK, Age 10; JOAN REID HEDRICK, Age 4 Months; A. M. CROWELL, JR., Age 14; GILES CROWELL, Age 11; and ANNA MARTHA CROWELL, Age 9.

(Filed 4 January, 1939.)

**Executors and Administrators § 12b—Will held not to authorize executors to sell realty or personalty without court order.**

The will in question provided that the estate, both real and personal, should "be held intact, if possible and advisable in the opinion of the executors," with provision for division of the income therefrom between testator's children in proportion to the number of grandchildren of whom they are the parents, with further provision for final distribution of the corpus of the estate when the youngest grandchild should attain the age of twenty-one. *Held:* Construing the will as a whole from its four corners, it did not empower the executors to sell either realty or personalty without sanction and approval of the court.

APPEAL by plaintiffs from *Olive, Special Judge,* at June Term, 1938, of DAVIDSON. Affirmed.

Action for the construction of certain provisions of the will of J. T. Hedrick. From a judgment adverse to their contentions, the plaintiffs appealed.

*W. O. Burgin and P. V. Critcher for plaintiffs, appellants.*
*McCrary & DeLapp for defendants, appellees.*

DEVIN, J. The action presents for judicial interpretation and construction the following paragraphs of the will of the decedent, J. T. Hedrick.

"THIRD: My will and desire is that all my estate, both real and personal be held intact, if possible and advisable in the opinion of the executors and operated under the supervision of the executors, and that the income therefrom be divided between my daughter, Mrs. Bessie Alma Crowell, and my son, Jones Hedrick, in proportion to the number of my grandchildren, of which they are the parents, after all expenses have been paid each year and subject to the next succeeding section.

"FOURTH: My will and desire is that no part of the corpus of my estate be divided until a grandchild reaches the age of 21, at which time my executors will advance to him or her such amount as they may think

wise. After all of my grandchildren shall have reached the age of 21, then equal division can be made, deducting any amount that may have been paid to any of the said grandchildren before reaching the age of 21, or subsequent thereto, if my executors think best. However, my estate is to be settled and divided as above directed when my youngest grandchild shall become 25 years of age."

The plaintiffs ask the court to hold that under the provisions of these items of the will, the executors have the right to sell real estate, if necessary, for the purpose of paying debts, or have the right to convey any part of the real estate, when in the opinion of the executors it is advisable to sell. The defendants, on the other hand, contend that there is no authority given to the executors to sell either real or personal property without the sanction and approval of the court, and that no sales can be lawfully made without proper order of the court, made after due notice to all parties, in proper proceeding for that purpose.

The court below ruled that the executors could not make a sale or final disposition of the property in their discretion, except upon an order or judgment of the proper court of this State, in an action or proceeding for that purpose, wherein all the beneficiaries under the will have been made parties and given an opportunity to be heard.

An examination of the third and fourth items of the will, for the construction of which this action was instituted, leads us to the conclusion that the court below has correctly interpreted the will of the testator, and that the judgment appealed from should be upheld. *Skinner v. Wood,* 76 N. C., 109. It was said in *Richardson v. Cheek,* 212 N. C., 510, 193 S. E., 705 (*Stacy, C. J.,* speaking for the Court): "The guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some rule of law or public policy, is the intent of the testator, and this is to be ascertained from the four corners of the will." *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Hampton v. West,* 212 N. C., 315, 193 S. E., 290. There was nothing said in *Felton v. Felton,* 213 N. C., 194, which may be held in conflict with the ruling in this case.

Judgment confirmed.