LIBBY ISAACS, EXECUTRIX OF THE ESTATE OF BERTRAM ISAACS, DECEASED, v. I. L. CLAYTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 24 May, 1967.)

1. **Taxation § 25—**

The principle that an administrative interpretation of a statute continued over a long period of time should be given consideration by the courts in the construction of the statute, loses its force when, for practical reasons, contest of the administrative interpretation would rarely be feasible.

2. **Taxation § 19—**

While statutory exemptions from tax liability must be strictly construed against the claim of exemption, such rule does not require that the plain language of the statute be distorted from its natural meaning in order to increase the revenue of the State.

3. **Taxation § 27—**

The statutory exemption of $5000 for each child under 21 years of age in computing the inheritance taxes payable by a widow to whom the husband has willed substantially all of his property is a personal exemption to her and may not be limited to a deduction from the amount accruing to her under the provisions of her husband's will, but such exemption may be subtracted at her option from whatever interest passes to her by reason of his death, including one-half interest in property held by the entirety and funds payable to her from insurance policies on his life.

4. **Same—**

The widow's election to claim the $5000 exemption from inheritance taxes for each child deprives the children of the exemption which otherwise would be theirs, and therefore where the wife claims the exemptions, the tax is correctly imposed against the entire funds passing to the children by revocable trusts.

APPEAL by defendant from *McKinnon, J.,* at the 14 November 1966 Civil Session of DURHAM.

The plaintiff sues for a refund of an additional inheritance tax assessed and collected from her by the defendant. The facts are stipulated and were found by the Superior Court to be as so stipulated.

The will of Bertram Isaacs provided, "I give, devise and bequeath unto my beloved wife, Libby Isaacs, *all of my property,* both real and personal, wheresoever situated, *which I may own or to which I may be entitled at the time of my death,* all for her sole and separate use." (Emphasis added.) The will further stated that the testator made no provision for his children, or children born after the date of the will, knowing that his wife would bestow upon them all of the care and attention that they might require.

The testator left surviving him his wife and three children, aged 18, 9 and 8, respectively. In addition to properties which passed to the widow under the will, $40,454.74 was paid to her as beneficiary of certain policies of life insurance issued upon the life of the testator, and a house and lot valued at $40,613.36, owned by the testator and his wife as tenants by the entireties, became her sole property upon his death, subject to a mortgage thereon. There were also three trusts for the benefit of the minor children, which were revocable by the testator during his lifetime, the amounts being $1,098.78, $315.16 and $247.67, respectively.

The plaintiff filed her inheritance tax return, showing thereon all property owned by the testator at the time of his death, the entirety property, the life insurance and the debts owed by the testator. The revocable trusts for the benefit of the children were not shown. The return shows that the debts owed by the testator, including that secured by the mortgage upon the real estate held by the entireties, exceeded the value of the properties passing to the widow under the will.

The plaintiff paid, with the return, an inheritance tax computed by including in the taxable interests passing to the widow: One-half of the value of the real estate held by the testator and his wife as tenants by the entireties; the total value of other properties owned by the testator; and the life insurance, less the statutory exemption of $20,000 of such insurance. From this total there was subtracted the total of one-half the debt secured by the mortgage on the real property owned by the testator and his wife as tenants by the entireties, all other debts owed by the testator and other deductions allowed by the statute. From the remainder there was then deducted the exemption of $10,000 allowed by the statute to the widow, plus an additional exemption of $15,000 claimed by the plaintiff to be allowed the widow under the special circumstances of this case.

The Commissioner of Revenue added to the gross properties to be used in computing the inheritance taxes the values of the three revocable trusts. However, he assessed no tax on account of these trust properties since each of the trusts amounted to less than the exemption of $5,000 allowed by the statute to each minor child. The

Commissioner disallowed the claim of the additional $15,000 exemption to the widow and levied an additional assessment of $333.52 on this account.

The plaintiff paid the additional tax under protest, and all procedural requirements for the maintenance of this action have been met. The sole question presented by this appeal is whether, under the circumstances of this case, the statute confers an additional exemption of $15,000 ($5,000 for each minor child) upon the widow. The court below gave judgment for the plaintiff and the Commissioner of Revenue has appealed.

*Attorney General Bruton and Assistant Attorney General Harrell for defendant appellant.*
*Hofler, Mount & White for appellee.*

LAKE, J. G.S. 105-4(b) provides:

> "The persons mentioned in this class [Class A beneficiaries of decedent's estate] shall be entitled to the following exemptions: Widows, ten thousand dollars ($10,000); each child under twenty-one years of age, five thousand dollars ($5,000.00); * * * Provided, that when any person shall die leaving a widow and child or children under twenty-one years of age, and leaving all or substantially all of his property by will to his wife, the wife shall be allowed at her option an additional exemption of five thousand dollars ($5,000.00) for each child under twenty-one years of age; provided further, that whenever the wife elects to claim such additional exemption, the child or children shall not be allowed the exemption of five thousand dollars ($5,000.00) for each child * * * hereinabove provided for."

Since the adoption of this statute, the Commissioner of Revenue has uniformly interpreted it as allowing such additional exemption to the widow only as to that portion of the widow's taxable interest which passes to her under the provisions of the will of the deceased husband. Thus, where, as here, the debts and expenses of administration of the husband's estate exceed the value of the property owned by him at his death, so that the total value of the taxable interests to which the widow succeeds is not greater than the sum of one-half the value of real property owned prior to death by the husband and wife as tenants by the entireties plus the proceeds of life insurance payable to the widow as beneficiary, the additional exemption is not allowed, notwithstanding the language of the will.

The correctness of this administrative interpretation of the statute has not been considered by this Court heretofore. An administrative interpretation of a tax statute which has continued over a long period of time with the silent acquiescence of the Legislature should be given consideration in the construction of the statute. *Yacht Co. v. High, Commissioner of Revenue*, 265 N.C. 653, 658, 144 S.E. 2d 821. This well established principle of statutory construction loses much of its significance, however, where, as here, there are practical reasons which have made it unlikely that the administrative interpretation would be attacked in the courts or before the Legislature. Even in the largest possible estate, the rate of tax on the widow's inheritance does not exceed 12%. Consequently, even in such an estate the effect of the exemption upon the tax to be paid could. not be more than $600 per child and, obviously, in the vast majority of cases the amount of tax turning upon the acceptance or rejection of this interpretation of the statute would not be sufficient to make it feasible for the widow to contest the matter in the courts. Under these circumstances, the long continued application of the administrative interpretation is not, of itself, persuasive.

It is also a well established rule that statutory exemptions from tax liability are to be strictly construed against the claim of exemption. *Yacht Co. v. High, Commissioner of Revenue, supra; Sale v. Johnson, Commissioner of Revenue*, 258 N.C. 749, 129 S.E. 2d 465; *Distributors v. Shaw, Commissioner of Revenue*, 247 N.C. 157, 100 S.E. 2d 334; *Rich v. Doughton*, 192 N.C. 604, 135 S.E. 527. This does not mean, however, that the plain language of the statute is to be distorted from its natural meaning in order to increase the revenues of the State.

G.S. 105-4(b) grants the exemption in question to the wife when "any person shall die leaving a widow and child or children under twenty-one years of age, and leaving all or substantially all of *his property* by will to his wife." (Emphasis added.) Here, the deceased left a will devising and bequeathing to his wife "all of my property." The exemption allowed by this statute to the wife is not an exemption of particular property but is a personal exemption to her. It is, like the $10,000 exemption, an amount to be subtracted from whatever interests pass to her by succession so as to be otherwise subject to the inheritance tax.

In determining whether the will bequeaths and devises to the wife all or substantially all of the testator's property, it must be borne in mind that real property held by the testator and his wife, prior to his death, as tenants by the entireties was not "his prop-

erty," but property belonging to the husband and wife as a unitary person, separate and apart from either of them. *Duplin County v. Jones,* 267 N.C. 68, 147 S.E. 2d 603. The death benefits payable under a policy of insurance upon the life of the husband, payable to the wife as the named beneficiary, do not arise until his death. These are, therefore, not "his property." The fact that his death terminated his right, under the policy, to change the beneficiary, or to surrender the policy and receive its cash surrender value, is a sufficient ground for the inclusion by the Legislature of the death benefits as an interest subject to the imposition of an inheritance tax, but that fact does not make the death benefits "his property." Thus, nothing else appearing, they are not subject to the claims of his creditors and do not pass through the hands of his executor or administrator. *Building & Loan Association v. Swaim,* 198 N.C. 14, 150 S.E. 668. Similarly, the right of the testator to revoke during his lifetime a trust, of which his child is the beneficiary, does not make the trust property "his property," although the fact that his right of revocation is cut off by his death does make the trust beneficiary liable for an inheritance tax.

By the plain language of the statute, the wife of the plaintiff testator was entitled to the additional exemption of $15,000 ($5,000 for each child) in this instance. Her election to claim that additional exemption deprived the children of the exemption which otherwise would be theirs by the express terms of the statute. Thus, the Commissioner of Revenue was entitled to levy an additional assessment in the amount of the tax due under the statute on account of the interests passing to the three children under their respective trusts. This has been taken into account in the judgment rendered below in determining the amount recoverable in this action by the plaintiff.

The fact that the testator owed debts which, including one-half of an indebtedness secured by a mortgage upon real property owned by him and his wife as tenants by the entireties, exceeded the value of the properties passing to the wife under the will itself does not deprive her of this additional exemption from the inheritance tax allowed by this statute.

Affirmed.