Combs v. Eller

---

B. E. COMBS, Administrator c.t.a. of the Estate of KYLE C. ELLER, JR., Petitioner v. ELIZABETH M. ELLER, FRANKLIN H. ELLER, Trustee under the will of KYLE C. ELLER, JR., and MARVIN V. BONDURANT, Guardian ad Litem for KYLE C. ELLER III, CHARLES I. ELLER and WILLIAM R. ELLER, minors, Respondents

No. 7622SC160

(Filed 7 July 1976)

1. **Executors and Administrators §§ 13, 18— liability of estate assets for estate obligations — direction by testator**

    Direction from a testator that certain property in the estate not be applied to the payment of estate liabilities cannot operate to prevent the payment of debts, taxes and costs of administration which are justly owed.

2. **Executors and Administrators § 6; Wills § 31— life insurance — entirety property — liability for estate's obligations**

    Life insurance proceeds and entirety property passed to testator's wife outside his estate and were not liable for payment of the estate's liabilities.

3. **Gifts § 4; Executors and Administrators § 6— gift in contemplation of death — liability for estate obligations**

    Where testator's transfer of his interest in a joint savings account and joint savings certificate was a valid gift in contemplation of death, those assets were not available to pay the liabilities of the estate until the estate's assets were exhausted.

4. **Executors and Administrators § 14— sale of trust assets to pay liabilities**

    Where all that remained to pay the liabilities of an estate after the exhaustion of general and residuary bequests to testator's wife was corporate stock bequeathed in trust for testator's sons, the court properly ordered a sale of the stock to pay estate liabilities notwithstanding testator directed that the stock not be used to pay obligations of the estate.

5. **Executors and Administrators § 14— sale of all trust stock when only portion needed to pay debts**

    While only a portion of stock of two corporations bequeathed in trust for testator's sons was needed to pay liabilities of the estate, the court properly ordered a sale of all of the stock where the court found that neither of the stocks had ever paid a dividend or was likely to pay a dividend in the future and that a sale of any of the stock of either corporation would render the trustee a minority shareholder in such corporation.

Appeal by respondent, Marvin V. Bondurant, from *Collier, Judge.* Judgment entered 12 February 1976 in Superior Court, Iredell County. Heard in the Court of Appeals 27 May 1976.

This is a civil action for declaratory judgment wherein the petitioner, B. E. Combs, Administrator c.t.a. of the Estate of Kyle E. Eller, Jr., is seeking instructions from the court regarding his rights and duties under the will of testator who died 10 February 1975.

Petitioner alleged in pertinent part the following:

Kyle Eller, Jr., died on 10 February 1975 leaving a last will and testament dated 16 May 1966. The will disposes of his estate by leaving household goods, furnishings, fixtures, appliances and other items along with the residue of his estate to his wife. The remainder of his estate, all of his stock in Interstate Equipment Company and Allstate Equipment Company, which represents fifty percent of the stock in each of the corporations, is bequeathed to Franklin H. Eller in trust for the sons of testator. The will directs that petitioner is *not* to use any of the stock to pay the obligations of the estate including taxes, costs of administration, and testator's debts, but that he has the duty to transfer the stock in full to the Trustee. He is directed to pay the liabilities of the estate out of the residuary and general bequests to his wife.

In addition to assets passing under will, there passed to testator's wife by operation of law or contract outside the will certain life insurance proceeds, real estate owned as tenants by the entirety, the balance of a savings account and a savings certificate, all of which are included in the estate for North Carolina Inheritance Tax and Federal Estate Tax purposes. The savings account and savings certificate had been held jointly with his wife as provided by G.S. 41-2.1, but testator transferred all his interest in them three days prior to his death.

The total liability of testator's estate—costs of administration, taxes, and testator's debts—amounts to $199,602.57. The value of property in the general and residuary bequests to testator's wife is only $82,830.19, leaving a deficit of $116,772.38. Testator's interest in the stock of Allstate Equipment Company and Interstate Equipment Company is valued at $398,815.20. It is petitioner's opinion that the property passing outside the will is not available to pay the debts of the estate and that it will be necessary to sell part of the stock to pay the estate's liabilities.

The stocks have never paid a dividend nor is one probable in the future. The corporations which issued the stock have not elected to be treated as Subchapter S corporations under the Internal Revenue Code nor is such election expected in the future. If sale of part of the stock is authorized to pay estate liabilities, the Trustee will control less than fifty percent of the stock of either one or both corporations. In petitioner's opinion, it will be in the best interest of the beneficiaries of the trust to sell all the stock in the corporations and pay the proceeds over to the Trustee to be invested as provided by law.

Based on the above allegations, petitioner requested instructions as to whether he may sell part of the stock to pay the liabilities of the estate, whether any of the property passing outside the will is available to pay the estate's obligations and if so in what priority they should be applied, and whether he may sell all the stocks and pay the cash proceeds over to the Trustee.

Marvin V. Bondurant, Guardian ad Litem for the three minor children, answered the petition denying that the life insurance proceeds, real estate owned as tenants by the entirety, the savings account, and the savings certificate which passed by operation of law and contract outside the will were not available to pay the liabilities of the estate. He also denied that it was necessary to sell part of the testator's stock to pay the estate's liabilities. Respondent did agree, however, that all of testator's interest in the stock of the corporations should be sold, but he contended that *all* the proceeds should be given to the Trustee to invest.

After a hearing on the matter, Judge Collier found that the savings account and savings certificate were valid transfers in contemplation of death and not available to pay the liabilities of the estate under G.S. 41-2.1. The life insurance proceeds and real estate owned by the entireties were likewise not available to pay the liabilities of the estate.

Judge Collier concluded that the personal estate must be exhausted before any property passing by operation of law or contract outside the will could be applied to payment of the estate's liabilities. He also concluded that the best interests of the beneficiaries of the trust required that all the stock be sold and the proceeds remaining, if any, after all the liabilities of the estate were satisfied should be paid to the Trustee.

An order was entered directing petitioner to sell all the stock and to first apply the proceeds to satisfy the remaining liability of the estate should they be so needed and to pay the remainder over to the Trustee. Respondent appealed.

*Raymer, Lewis, Eisele and Patterson by Douglas G. Eisele for petitioner appellee.*

*No counsel for respondent appellant.*

HEDRICK, Judge.

We are first asked to determine whether the court erred in ordering a sale of the stock in order to pay the remaining liabilities of the estate after the general and residuary bequests to testator's wife had been exhausted.

[1] Testator directed in his will that the property in the residuary and general estates be applied to payment of the estate's liabilities and specifically directed that the bequest to the Trustee *not* go to payment of the liabilities of the estate. The liabilities of the estate total $199,602.57 and the property in the residuary and general estates have a value of only $82,830.19 leaving a deficit of $116,762.38. It is axiomatic that a testator has nothing to give away until his debts have been paid and the obligations of the estate have been fulfilled. *In re Estate of Bost*, 211 N.C. 440 (1937); *Trust Co. v. Lentz*, 196 N.C. 398 (1928). It is also clear that the direction from the testator that certain property in the estate not be applied to payment of estate liabilities cannot operate to prevent payment of debts, taxes and costs of administration which are justly owed. See *Hedrick v. Hedrick*, 214 N.C. 692 (1939). Equity and the law "require that a man shall be just before he is generous, for generosity ceases to be a virtue when indulged in at the expense of creditors." *Trust Co. v. Lentz, supra* at 404.

[2] The life insurance proceeds and the real property owned as tenants by the entirety passed to testator's wife outside the estate. *Isaacs v. Clayton*, 270 N.C. 424, 154 S.E. 2d 532 (1967); *Honeycutt v. Bank*, 242 N.C. 734, 89 S.E. 2d 598 (1955). At the time of death, they are not property owned by the testator and are not ordinarily liable for payment of the estate's liabilities. *Isaacs v. Clayton, supra; Honeycutt v. Bank, supra.*

[3, 4] The court's finding that testator's transfer of his interest in the savings account and certificate was a valid gift in

contemplation of death supports the conclusion that those assets are not available to pay the liabilities of the estate until the estate's assets are exhausted. *See* 33 C.J.S., Executors and Administrators, § 123, p. 1076. All that remains to pay the liabilities of the estate after exhausting the general and residuary bequests to testator's wife is the stock in the two corporations. Since the estate's liabilities must be paid before any of testator's bequests can be satisfied, the court was correct in ordering a sale of the stock to pay the estate's liabilities.

[5] We are also asked to determine whether the court erred in ordering the sale of all the stock when sale of only a portion of it would be sufficient to pay the remaining liabilities of the estate. Included in the court's order were the following findings of fact:

"2. At the time of decedent's death, all of the stock owned by decedent in Interstate Equipment Company and in Allstate Equipment Company was a single class of common stock, decedent owning fifty (50%) percent of the outstanding stock in each of said corporations.

3. Neither of the stocks described in the preceding paragraph has ever paid a dividend, nor it is (sic) likely that the payment of dividends is probable in the future with respect to either of said stocks.

4. The corporations described above have not elected to be treated as Subchapter S corporations under the Internal Revenue Code, nor is such election anticipated by the petitioner; indeed, no such election may be made by any corporation the stock of which is owned in whole or in part by a trust, which facts would prevail with respect to decedent's stock in Interstate Equipment Company and in Allstate Equipment Company if the said stock were delivered, in whole or in part, to Franklin H. Eller, Trustee.

5. The enforcement of Item IV of decedent's last will and testament resulting in the conveyance of the two above described stocks in trust for the minor children of decedent would not be to the best advantage or interest of any of the beneficiaries of the said trust, such stocks being presently non-income producing and there being no probability, in petitioner's opinion, that said stocks would become income producing through payment of dividends or otherwise.

---

6. In the event the Court should allow or order a sale of a portion of either or both of said stocks . . . for the payment of any of the costs of administration, debts or taxes of the estate of the decedent, such sale would result in there being available to the Trustee described in Item IV of decedent's last will and testament only a minority interest in either or both of said stocks upon conveyance of the remaining portion by the petitioner to the Trustee under Item IV of the decedent's last will and testament, such that the trust would thereafter be only a minority shareholder in either or both of said corporations.

These findings support the conclusion that it would be in the best interest of the beneficiaries to sell all the stock, applying the proceeds first to pay the remaining liabilities of the estate, with the remainder to be given to the Trustee.

The order appealed from is

Affirmed.

Judges PARKER and ARNOLD concur.